In the Matter of DONALD F. DRIVER (Admitted as DONALD FREDERICK DRIVER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 13, 1986

**APPEARANCES OF COUNSEL**

*Claudio B. Bergamasco* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Donald F. Driver,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

The Departmental Disciplinary Committee (Committee) seeks an order temporarily suspending respondent from the practice of law, based upon his willful failure to cooperate with the Committee's investigation of a complaint of professional misconduct made against him, until such time as the matter is concluded, or until further order of this court.

Respondent was admitted to practice in the Second Judicial Department on June 17, 1970. He has been engaged in the practice of law in the First Judicial Department since on or about May 28, 1985 as an associate with a large law firm. On August 2, 1985, the Committee received a complaint concerning the respondent's alleged conversion of $5,900 of a total of $11,800 in escrow moneys entrusted to him in connection with a real estate closing. His client charged that she had been given a check by the respondent in the amount of $5,900 which had been returned for insufficient funds. The Committee mailed a copy of the complaint to the respondent on or about August 26, 1985, and mailed two follow-up letters to him dated September 23 and October 9. No answer was received.

A subpoena duces tecum, issued by this court, was personally served on the respondent on October 22, 1985, directing him to appear for interview at the Committee's offices on November 7, 1985, and to produce certain records, including "[a]ny and all bank statements and cancelled checks for the period January 1, 1985, to the present, for the account into which the escrow deposit * * * was deposited." Respondent appeared, but did not bring any of the records demanded by the subpoena. He testified that he had loaned $3,500 of the escrow funds which he had deposited into a personal bank account, to a desperate friend. On November 13 or 14, 1985, he delivered to the Committee's offices two canceled checks and one page of a bank statement relating to the period immediately following the date of the returned check (July 3 through August 4, 1985). The respondent has otherwise disregarded and continues to disregard the subpoena's demand for all relevant bank records and canceled checks for the period January 1, 1985 to the present. The Committee notified him, in writing, on November 18, 1985, that an application would

be made for his immediate suspension from the practice of law, based upon his failure to cooperate, unless he produced by November 22, 1985, all relevant bank records and canceled checks.

Respondent's answer denies the existence of "any willful, intentional or even a benign failure to cooperate with the Committee or to disobey [the] subpoena." Yet, he specifically admits receipt of the Committee's letter dated November 19, 1985. He further does not deny and, therefore, is deemed to have admitted the material allegations of fact made by the Committee involving his failure to produce the documents required by the subpoena. The respondent's bare conclusory assertion that he reasonably believed that a subpoena *subsequently* served upon Citibank (in response to which the required documents have *not* been received) obviated his obligation to produce any additional relevant documents is spurious, and insufficient to raise an issue of fact requiring a hearing for its determination. On this record, and for the reasons articulated in *Matter of Spiegelman* (116 AD2d 346 [1st Dept 1986]) we find the respondent guilty of professional misconduct in his failure to comply with this court's subpoena duces tecum. The motion to suspend the respondent temporarily, pending determination of the charges, and until the further order of this court, is granted.

KUPFERMAN, J. P., SANDLER, SULLIVAN, ROSENBERGER and ELLERIN, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective May 13, 1986, until certain matters presently pending before the petitioner are resolved and until the further order of this court.