In the Matter of DAVID SAMUELS, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 21, 1987

## APPEARANCES OF COUNSEL

*Judith Bader-York* for respondent.

*Michael A. Gentile* for petitioner.

### OPINION OF THE COURT

Per Curiam.

Petitioner Departmental Disciplinary Committee moves to

confirm the findings and the opinion of the Hearing Panel which, following a hearing, recommended that respondent who had been convicted, after a jury trial, of promoting prison contraband and criminal possession of a hypodermic needle, both class A misdemeanors, should be suspended for one year with additional conditions.

Respondent was admitted to practice in this Department in May 1978.

In 1982, he entered the Manhattan Court Detention Facility to visit a client being held there while waiting arraignment. Because of his appearance, he was asked by a correction officer on duty to submit to a search of his briefcase before being admitted to the detention facility. A search revealed a hypodermic syringe containing both clear and bloody fluids. The following day, he was arrested and charged with promoting prison contraband and criminal possession of a hypodermic needle. After a four-day jury trial, he was convicted of both charges and sentenced to three years' probation with a $500 fine and directed to enroll in an appropriate drug and alcohol treatment program and to attend and complete a continuing legal education course on professional ethics. Respondent did not perfect an appeal.

The Hearing Panel found that respondent's conduct violated DR 1-102 (A) (4) and (5) of the Code of Professional Responsibility for conduct prejudicial to the administration of justice and, also, violated DR 1-102 (A) (6) for conduct reflecting on his fitness to practice law.

In addition to recommending a suspension from the practice of law for a period of one year and until the court is satisfied that the respondent possesses the character and general fitness to practice law, it was recommended that the respondent submit to appropriate medical examinations in order to insure that he is no longer a substance abuser.

Respondent, himself, in accepting the recommendation of the Hearing Panel, consents to be tested for alcohol and/or drug use on a random basis during the period of suspension.

Accordingly, the findings of fact and conclusions of petitioner's Hearing Panel should be confirmed. The respondent is suspended for a period of one year and until he satisfies the court that he possesses the character and general fitness to practice law, including, but not limited to, being free of drug or alcohol addiction. Inasmuch as he contends that he is now free of substance abuse and consents to random testing, this

may take place at any time during the period of suspension. Prior to any application for reinstatement, and with any such application, there should be medical substantiation that he is no longer a drug and/or alcohol abuser. Further, respondent is directed to communicate with the Special Committee on Alcohol and Drug Abuse of the Association of the Bar of the City of New York and to request that they inform counsel to the Departmental Disciplinary Committee from time to time of their findings with respect to the question of whether respondent is free of his dependency.

MURPHY, P. J., KUPFERMAN, ELLERIN, WALLACH and SMITH, JJ., concur.

Respondent is suspended from the practice of law for a period of one year, effective May 21, 1987, and until the further order of this court.