In the Matter of DONALD F. DRIVER (Admitted as DONALD FREDERICK DRIVER), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 23, 1987

## APPEARANCES OF COUNSEL

*Claudio B. Bergamasco* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Nicholas C. Cooper* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Donald F. Driver was admitted to practice in the Second Department on June 17, 1970, under the name of Donald Frederick Driver. From May 1985 to May 1986, respondent was a senior associate with the firm of Finley, Kumble, Wagner, Underberg, Manley and Casey, with offices in the First Department. He had conducted a private practice from his home in Brooklyn, and maintained an office at that address until he was suspended from practice on May 13, 1986, pending determination of the charges herein. *(Matter of Driver,* 117 AD2d 224 [1st Dept 1986]). Respondent had failed to cooperate with investigation by petitioner, the Departmental Disciplinary Committee, into a complaint alleging that he had withheld moneys paid to him in escrow, and had failed to comply with this court's subpoena duces tecum requiring production of certain bank statements and canceled checks.

The complaint against respondent, filed by Dorothy Foster in July 1985, was forwarded to respondent with a request for an explanation. Respondent did not reply to that request or to two other letters sent to him in September and October 1985. On October 22, respondent was served with a subpoena duces tecum directing him to appear before the petitioner on November 7, with his bank statements and canceled checks from January 1, 1985 through November 1985. Although the respondent appeared pursuant to the subpoena, he did not produce the requested documents. One week after his appearance he produced one page of his bank statement for July-August and two canceled checks totaling $5,900 made payable to Robert E. Campbell and Dorothy A. Foster.

In May 1986, respondent was served with notice of charges that he had converted funds to be held in escrow to his personal use and had failed to promptly return such funds to his clients; that he had engaged in conduct involving dishonesty, fraud, deceit or misrepresentation; that he had engaged in conduct prejudicial to the administration of justice and in conduct that adversely reflected on his fitness to practice law;

and that he had disregarded a standing rule of the Appellate Division.

It is undisputed that, in February 1985, respondent undertook to represent Foster and her brother Campbell in the sale of jointly owned real property. A contract of sale prepared by respondent called for the down payment of $11,800 representing 10% of the purchase price, to be held by respondent in escrow pending closing of title. The purchasers delivered two checks to respondent, each in the amount of $5,900, prior to execution of the contract on March 12. On March 13, respondent used one of the checks to open an interest-bearing account at Crossland Savings Bank. The account was not designated as a trust or escrow account. The next day, respondent opened a money market account at Citibank using $5,700 of the second check. The remaining $200 was deposited in a Citibank checking account. Neither of the Citibank accounts was designated as a trust or escrow account.

Respondent withdrew over $3,000 from the Crossland account on March 21, and the account was closed when he withdrew the balance on June 29. Respondent also made withdrawals from the Citibank accounts throughout the month of June.

At the closing on June 19, respondent failed to tender any of the escrow funds to the sellers. Subsequently, however, he delivered two checks, drawn on his personal checking account: one check, payable to Campbell in the amount of $3,342; and another payable to Foster in the amount of $2,458. On July 1, respondent also tendered a check drawn on his Citibank checking account, for $5,900, which was later returned for insufficient funds. In December 1986, respondent paid Foster the balance of the escrow funds together with 8¼% interest from July 1985.

Although the Disciplinary Committee's hearing into the matter began in August 1986, respondent did not submit an answer until early November. Respondent gave inconsistent answers regarding the use to which the escrow funds had been put. He claimed to have given varying amounts to a friend who was being threatened by a loan shark, and that he had used some of the funds to pay his mortgage and other personal expenses. Respondent admitted being an alcoholic, but claimed that he had not recognized or acknowledged his dependency on alcohol until this incident occurred. In explaining his failure to cooperate with the petitioner's investigation,

respondent claimed that he had "short circuited" upon receiving notice of Foster's complaint. After being notified by Citibank that the petitioner had subpoenaed his bank records, respondent assumed that he was not obliged personally to comply with the original subpoena.

We have reviewed the objections raised by respondent to the petitioner's procedure and recommendations, and find them to be without merit. Respondent maintains that disbarment is unwarranted because at the time he converted the escrow funds his judgment was impaired by alcoholism. In *Matter of Levine* (101 AD2d 49 [1st Dept 1984]), this court rejected an attorney's claim of mitigating circumstances because he had not shown that his acts of misconduct were the result of his physical or mental infirmity. Respondent herein has also failed to show a causal connection between his abuse of alcohol and his conversion of his client's funds or his failure to cooperate with the petitioner's investigation.

The uncontroverted evidence supports petitioner's findings that respondent is guilty of the conduct charged and is, therefore, unfit to practice law. The petitioner's motion is granted and respondent disbarred; his name shall be removed from the roll of attorneys and counselors-at-law, forthwith.

KUPFERMAN, J. P., SANDLER, SULLIVAN, ROSENBERGER and ELLERIN, JJ., concur.

Respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective July 23, 1987.