In the Matter of ROBERT B. ANDERSON (Admitted as ROBERT BERNERD ANDERSON), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 3, 1987

## APPEARANCES OF COUNSEL

*Geri R. Klein* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Arthur H. Christy* of counsel *(Christy & Viener,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Petitioner Departmental Disciplinary Committee moves for an order determining that the crimes of which respondent, Robert B. Anderson, has been convicted are "serious crimes" within the meaning of Judiciary Law § 90 (4) (d) and directing that respondent be suspended forthwith from the practice of law pursuant to Judiciary Law § 90 (4) (f). Petitioner further requests that respondent be ordered to show cause why a final order of censure, suspension, or removal from office should not be made pursuant to Judiciary Law § 90 (4) (g).

Respondent, who was admitted to practice in the courts of the State of New York in this Department on June 8, 1956, stands convicted of filing a false tax return in violation of 26 USC § 7201 (a Federal felony) and illegal operation of a bank in violation of 12 USC § 378 (a Federal crime).

We think it clear that the crimes of which respondent has been convicted, one of which is a Federal felony, are serious crimes within the meaning of Judiciary Law § 90 (4) (d). Respondent does not deny the seriousness of the offenses he has committed. Rather, he urges that his offenses were eventuated by severe personal problems and that suspension during the pendency of disciplinary proceedings is unnecessary since he has already been punished, and since he is advanced in age and currently does not practice law. Respondent also asks that we consider his long and distinguished record of public service. None of these considerations, however, renders respondent's crimes any less serious and we do not think that he may, consistent with the integrity and honor of the profession, be excepted from the mandate of Judiciary Law § 90 (4) (f) requiring the suspension pending the issuance of a final order, of an attorney convicted of serious crimes.

Accordingly, the petitioner's motion should be granted, and an order issued deeming the crimes of which respondent stands convicted serious crimes within the meaning of Judiciary Law § 90 (4) (d) and suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f), pending the determination of an appropriate sanction. As respondent has requested a hearing, the matter should be referred for that purpose pursuant to Judiciary Law § 90 (4) (h) and for a report and recommendation by the Hearing Panel.

MURPHY, P. J., CARRO, ELLERIN, WALLACH and SMITH, JJ., concur.

Respondent is suspended from practice as an attorney and

counselor-at-law in the State of New York effective December 3, 1987, and until the further order of this court, and the matter is referred to the Departmental Disciplinary Committee for the First Judicial Department to hear, report and recommend as to an appropriate sanction.