In the Matter of STEVEN WINSTON, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 7, 1988

---

## APPEARANCES OF COUNSEL

*Sarah Diane McShea* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Alan L. Hirshman* of counsel *(Karpas, Hirshman & Levine,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent Steven Winston was admitted to the Bar of the State of New York on February 23, 1972 in the Second Judicial Department. Pursuant to an order of that court dated December 12, 1984, a disciplinary proceeding against the respondent was transferred to the Departmental Disciplinary Committee for the First Judicial Department (DDC).

Respondent was charged with three specifications of misconduct. First, it was alleged that on August 1, 1983 he submitted a $35 check to the Clerk of the Supreme Court for an index number in a civil action, that the check was returned for insufficient funds, and that respondent did not make good on the bounced check until a complaint was filed with the DDC. Second, it was alleged that respondent failed to cooperate with the DDC in its investigation into his bounced check. The third, and by far the most serious charge against the respondent, alleged that during the period February through June of 1984 respondent converted to his own use a $12,500 escrow deposit in a real estate transaction.

After extensive hearings, comprising over 1,000 pages of testimony, the DDC Panel submitted a report to this court recommending that the charges be sustained, and that the respondent be disbarred. The matter is now before us upon

the DDC's motion to confirm, and the respondent's motion to disaffirm, the findings and recommendations in the Hearing Panel's report. Our review of the record, including several prior motions in this court, establishes the following facts which we find pertinent to an appropriate disposition of the motions now before us.

Respondent's problems had their genesis in 1978, when he first tried cocaine ostensibly for the purposes of elevating his mood during periods of depression, and giving him energy to work long hours. In a progressive scenario, which unfortunately has become all too familiar among persons who have tried cocaine upon the grave misconception that it was nonaddicting and relatively harmless, the devastating consequences of cocaine use eventually began to manifest in his life.

Respondent needed constantly increasing dosages of cocaine to counteract the depressions which resulted when the stimulant effects of the drug wore off. He lost his automobiles, money and personal property, the mother of his child left him, taking their child with her, he became heavily indebted to a loan shark, and his law partners locked him out of their offices. Various witnesses, including psychiatrists, described respondent's severely deteriorated mental state during the period encompassed by the charges as psychotic, delusional and out of contact with reality.

In February 1986, when the disciplinary hearings commenced, respondent contended that because he was suffering from thought dysfunctions associated with a cocaine abstinence syndrome, he was unable to participate meaningfully in his defense. We accordingly issued an order temporarily staying the hearing before the DDC except for psychiatric testimony addressed to the respondent's competence, and suspending him until further order of this court. (Matter of Winston, 116 AD2d 264.) Thereafter, upon review of the evidence taken pursuant to the aforesaid order, this court found respondent not competent to aid in his defense, stayed the disciplinary hearings during the period that he remained a full-time resident of Daytop Village (a well-known drug rehabilitation center), and continued his suspension pending further order of this court (Matter of Winston, 121 AD2d 996). On February 5, 1987, after almost a year of his residence at Daytop Village, we vacated the stay of the disciplinary hearings upon consent of the respondent and the DDC.

As previously noted, the matter is now before us upon cross

motions to confirm and disaffirm the findings and recommendations contained in the report by the DDC Hearing Panel. We confirm the findings that respondent is guilty of each of the specified charges. The only question remaining is the appropriate sanction to be imposed under all the circumstances. In this regard, after reviewing the testimony as it pertains to the respondent's mental state during the period herein pertinent, we find that the respondent was delusional and out of contact with reality to an extent sufficient to raise before us serious doubts as to the willfulness of his actions, and whether his actions were to a significant extent caused by cocaine induced mental illness.

Respondent's mental illness, which we find to have been a significant contributing cause of his actions, does not by any means excuse his serious misconduct (Matter of Samuels, 22 AD2d 564, 567). However, we have recently observed that where a mental or physical infirmity is the cause of an attorney's misconduct, that factor may be considered in mitigation of the sanction to be imposed. (See, Matter of Levine, 101 AD2d 49; Matter of Driver, 129 AD2d 119.)

We consider, in addition, uncontradicted evidence establishing that respondent has remained drug free for over two years since his enrollment in the drug rehabilitation program at Daytop Village, and that he has become an increasingly valued member of its paid staff performing a broad range of services to Daytop residents. He also makes speaking appearances before governmental agencies and various civic and professional groups with regard to drug abuse and related subjects. Respondent is repentant, and appears to be firmly committed to continuing his own rehabilitation, helping other unfortunates who have been addicted to drugs, and eradicating the evil that brought disgrace upon himself and his profession.

We accordingly conclude, upon consideration of all these circumstances, that respondent should be suspended for a period of three years, effective April 16, 1986. Any motion for reinstatement shall be conditioned upon evidence demonstrating to the satisfaction of this court respondent's continued rehabilitation, and shall include a physical and psychiatric report attesting that he is physically and mentally capable of resuming the practice of law.

Kᴜᴘꜰᴇʀᴍᴀɴ, J. P., Sᴀɴᴅʟᴇʀ, Cᴀʀʀᴏ, Kᴀssᴀʟ and Sᴍɪᴛʜ, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of three years, effective April 16, 1986, and until the further order of this court.