In the Matter of ROBERT B. ANDERSON (Admitted as ROBERT BERNERD ANDERSON), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 12, 1989

## APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

No appearance on behalf of respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Robert B. Anderson was admitted on motion to the practice of law in this Department on June 8, 1956.

Respondent stands convicted of tax evasion in violation of 26 USC § 7201 and the illegal operation of a bank in violation of 12 USC § 378. We have determined that these are serious crimes within the meaning of Judiciary Law § 90 (4) (d) and accordingly have suspended respondent from the practice of law pending a hearing, report and recommendation from petitioner Departmental Disciplinary Committee as to an appropriate sanction (132 AD2d 126). The Disciplinary Committee, after a hearing, has recommended that respondent be disbarred and now moves for confirmation of that recommendation. The motion is granted.

Although respondent's conviction of tax evasion for willfully failing to report some $127,500 in income is indeed serious and might itself be sufficient to support the penalty of disbarment, any doubts as to the propriety of the recommended sanction must be put to rest upon consideration of the respondent's illegal banking activities.

Respondent acted as a principal agent of the Commercial Exchange Bank located in Anguilla, British West Indies and at 535 Fifth Avenue, New York. The Commercial Exchange Bank was not incorporated or authorized to engage in banking under Federal or State law. It was unregulated and did not submit to examination by the banking authority of the State of New York. It did not issue any periodic reports detailing its assets and liabilities as required of incorporated banking institutions engaged in such business in the State of New York. Respondent solicited a deposit for the Commercial Exchange Bank from the complainant in this disciplinary proceeding, Ethel Gabriel. He represented to her that the funds would be insured; that they would be deposited in an account in the Bank of America; and that the funds would not leave this country. Relying on these representations Ms. Gabriel entrusted respondent with retirement funds amounting to $251,485.92 received by her upon completing 43 years in the employ of RCA. The representations made by Ms. Gabriel in connection with the deposit of her retirement funds proved false as did representations subsequently made to her in which respondent repeatedly assured her as to the safety of

her deposit and the interest income she would receive. In April 1985, respondent informed Ms. Gabriel that all of her money was gone. Although respondent has promised to do everything possible to make restitution to Ms. Gabriel, as of the time of the disciplinary hearing he had not done so.

Respondent's willing participation in an illegal banking scheme having such tragic consequences for an innocent retiree is inexcusable. We are not insensitive to the personal difficulties the 78-year-old respondent has suffered. His wife reportedly is seriously ill and he has apparently struggled with alcoholism. But even difficulties such as these do not explain or excuse respondent's unconscionable involvement in a fraudulent banking scheme. As Federal District Court Judge Palmieri observed at respondent's sentencing, the off-shore Commercial Exchange Bank served the purposes of tax evaders and money launderers. Respondent, a former Secretary of the Treasury, fully cognizant of the bank's improper activities and its illegal, unregulated and uninsured status in this country actively participated in the bank's operation by soliciting deposits. In connection with these solicitations respondent made calculated misrepresentations which were relied upon by unwary members of the public, including Ms. Gabriel, causing them extreme and largely irreparable harm. We do not think that respondent's purposeful involvement in so complex and far reaching a fraud can be convincingly attributed to the personal problems cited by him (see, Matter of Driver, 129 AD2d 119).

Respondent's illegal and, indeed, criminal banking activities constitute professional misconduct fully warranting the sanction of disbarment. This is a sad but we think necessary end to the legal career of one who has in times less beclouded by poor and corrupt judgment served his country in high office as Secretary of Treasury, Deputy Secretary of the Navy and as Special Ambassador to Panama during the Panama Canal negotiations.

Accordingly, petitioner's motion for an order confirming the Hearing Panel's report and recommendations is unanimously granted, respondent is disbarred and his name ordered stricken from the roll of attorneys and counselors-at-law.

MURPHY, P. J., CARRO, ELLERIN, WALLACH and SMITH, JJ., concur.

Respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective February 13, 1989.

# MEMORANDA

OF

*DECISIONS RENDERED DURING THE PERIOD EMBRACED IN THIS VOLUME*