In the Matter of RICHARD M. MESSINA (Admitted as RICHARD MICHAEL MESSINA), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 27, 1990

### APPEARANCES OF COUNSEL

*Judith Stein* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Richard M. Messina, was admitted to the prac-

tice of law in the Second Judicial Department on March 22, 1967, under the name Richard Michael Messina. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee (DDC) seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (ii), suspending respondent from the practice of law forthwith and until such time as disciplinary matters pending before the DDC have concluded.

The motion to suspend respondent from the practice of law is based upon the following allegations of professional misconduct:

1. Respondent received funds in the amount of $342,500 from two clients, Glenn B. Hardymon and Charles J. Russell, Jr., to be held in escrow by him pending the conclusion of a business transaction, which he instead converted to his own use. Respondent neither accounted for these funds nor returned them to said clients;

2. Respondent received funds in the amount of $80,000 from a client, Carole Turk, to be placed in escrow pending completion of the sale of real property, which he instead converted to his own use. Respondent neither accounted for these funds nor returned them to said client;

3. Respondent received funds in the amount of $75,000 from Best Film & Video Corporation on behalf of a client, Polaris Media Corporation, to be held in escrow pending the conclusion of a transaction, which he instead converted to his own use. Respondent did not account for these funds to either party; and

4. Respondent received funds in the amount of $51,000 on behalf of a client, Gavin Brackenridge, as a deposit on the sale of the client's house, which he neither gave to said client nor otherwise properly disposed of.

By stipulation entered into on August 6, 1990, respondent freely and unconditionally admitted each of the allegations set forth above, and agreed to be suspended forthwith from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (ii). Respondent further agreed, *inter alia,* to make full restitution to the clients referred to in the disciplinary proceedings and was to seek, upon full satisfaction of the terms of the stipulation, to be permitted to tender his resignation from the practice of law pursuant to 22 NYCRR 603.11. Respondent did not, however, comply with the terms of his stipulation, and

the DDC has informed the court that it intends to institute formal proceedings against him in accordance with 22 NYCRR 605.12.

In light of respondent's substantial admissions of serious acts of professional misconduct, as described in the stipulation of August 6, 1990, the DDC's motion pursuant to 22 NYCRR 603.4 (e) (1) (ii) is granted, and respondent is hereby suspended from the practice of law, effective immediately, pending investigation and determination of the complaints of professional misconduct against him.

CARRO, J. P., ASCH, KASSAL, WALLACH and RUBIN, JJ., concur.

Respondent is suspended from the practice of law, effective immediately, pending investigation and determination of the complaints of professional misconduct against him, and until the further order of this court.