In the Matter of J. JAMES BAMBURY (Admitted as JOHN JAMES BAMBURY), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 2, 1991

### APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Robert Kasanof* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, J. James Bambury, was admitted to the prac-

tice of law in New York in the First Judicial Department on November 30, 1960 under the name John James Bambury. At all times relevant herein respondent maintained an office for the practice of law within the First Judicial Department.

In August 1985, respondent was served with charges of misconduct involving dishonesty, fraud and deceit in the conversion of estate funds in violation of DR 1-102 (A) (4) of the Code of Professional Responsibility. He admittedly converted to his own use funds in excess of $31,000 belonging to an estate, in small sums, over a period of time, while acting as attorney and executor for the estate.

Respondent was suspended from the practice of law in 1985 *(Matter of Bambury,* 114 AD2d 812), having consented to the finding of conversion by the Hearing Panel of the Departmental Disciplinary Committee. He had appeared personally and was represented by counsel.

The only issue remaining is the sanction to be imposed.

In mitigation, the respondent has shown that he was debilitated by alcoholism during the period covered by the charge. There is no doubt as to the alcoholism, but there is a question of whether the alcoholism was the predicate for the defalcation. The respondent is a member of Alcoholics Anonymous. Restitution of the amount taken has been provided for.

The Departmental Disciplinary Committee seeks an order confirming the Hearing Panel's report and recommends the sanction of a five-year suspension nunc pro tunc to November 21, 1985, the date of this court's suspension.

We are concerned with the fact that conversion would usually warrant the penalty of disbarment *(see, Matter of Schmidt,* 145 AD2d 103, 108) and that addiction should not be deemed an excuse for misconduct, although it may be considered in mitigation of the sanction to be imposed. *(See, Matter of Driver,* 129 AD2d 119.)

Accordingly, we have determined to suspend the respondent for a period of seven years nunc pro tunc, which would be the amount of time involved if we were to disbar the respondent and then consider reinstating him (Judiciary Law § 90 [5] [b]).

Reinsatement will be automatic, but it is conditioned upon respondent submitting to the court, in the interim, a satisfactory plan for the monitoring of his practice by the Special Committee on Alcohol and Drug Abuse of the Association of the Bar of the City of New York. *(See, Matter of Samuels,* 127 AD2d 85.)* Respondent, of course, must comply with section

603.14 (b) (3) of the rules of this court (22 NYCRR) on reinstatement with respect to the Multistate Professional Responsibility Examination; and continue to demonstrate his rehabilitation. *(See, Matter of Winston,* 137 AD2d 385, 388.)

SULLIVAN, J. P., ROSENBERGER, ELLERIN, KUPFERMAN and Ross, JJ., concur.

Respondent is suspended from the practice of law for a period of seven years nunc pro tunc to November 21, 1985, which would be the amount of time involved if we were to disbar the respondent and then consider reinstating him, with reinstatement to be automatic, upon the terms and conditions indicated in the order of this court.