In the Matter of RICHARD M. MESSINA (Admitted as RICHARD MICHAEL MESSINA), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 16, 1992

## APPEARANCES OF COUNSEL

*Judith N. Stein* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Mitchell K. Friedman* of counsel *(Jerome Karp, P. C.,* attorney), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Richard M. Messina, was admitted to the practice of law in New York in the Second Judicial Department on March 22, 1967, under the name Richard Michael Messina. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

By order entered November 27, 1990, respondent was suspended from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (ii), pending the resolution of these disciplinary proceedings, on the basis of admissions under oath that he converted client funds (*Matter of Messina,* 164 AD2d 160).

By notice and statement of charges dated December 18, 1990, and amended notice and statement of charges dated February 6, 1991, respondent was charged with having converted in excess of $550,000 from four separate clients during a period extending from 1987 to 1990, in violation of Code of Professional Responsibility DR 1-102 (A) (4) and (7) (formerly [6]) and with failing to satisfy a judgment obtained against him in Federal court by two of the clients, in violation of DR 1-102 (A) (5) and (7) (formerly [6]). In a *pro se* answer dated March 5, 1991, respondent denied various of the allegations.

At hearings held on May 9, 1991 and May 29, 1991, respondent, through counsel, orally withdrew his previous *pro se* answer, and conceded the factual allegations set forth in the statement of charges. By so doing, respondent admitted that he had engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of DR 1-102 (A) (4), and which adversely reflects on his fitness to practice law, in violation of DR 1-102 (A) (7) (formerly [6]). In addition, respondent admitted that he failed to satisfy the judgment obtained against him by two clients, a violation of DR 1-102 (A) (5), and that he had lied when called upon by clients to account for the missing funds. With the exceptions of $75,000 repaid to one client, no restitution of the converted moneys had been made as of the date of the hearing.

The misappropriation of funds by an attorney renders him presumptively unfit to practice law (*Matter of Pressment,* 118

AD2d 270, 273). Thus, in the absence of extremely unusual mitigating circumstances, this court has consistently deemed the conversation of funds belonging to a client or a third party to be grave misconduct warranting the severe penalty of disbarment *(Matter of Schmidt,* 145 AD2d 103, 108). In the matter before us, it is undisputed that respondent committed the acts in question, and this court's analysis is, therefore, limited to a determination of whether respondent offered sufficient evidence of mitigation to justify a sanction other than disbarment *(see, Matter of Winston,* 137 AD2d 385; *Matter of Driver,* 129 AD2d 119; *Matter of Levine,* 101 AD2d 49). We conclude that he has not.

Despite respondent's contention that a number of events over a course of years resulted in extreme stress, depression an hypertension, which conditions combined to affect his judgment, no claim has been made that respondent did not know what he was doing, that he was unaware the actions were wrong, or that he was insane. Indeed, respondent testified that he did not know whether or not he was depressed at the time that he converted clients funds. Moreover, respondent made no claim that his actions were unintentional; rather, he admitted that he intentionally converted the client funds in order to save himself from financial ruin.

In addition, respondent saw a psychiatrist solely on three occasions after his attempted suicide, and only consulted with a second psychiatrist after the commencement of the instant proceedings. Finally, that expert's testimony did not establish a causal connection between respondent's depression and his misconduct, but simply stated that his depression "could have" affected his judgment. Such evidence is too speculative to constitute mitigation for the serious professional misconduct in which respondent has engaged *(see, Matter of Malatesta,* 124 AD2d 62, *lv denied* 69 NY2d 607, *cert denied* 484 US 829).

Accordingly, the motion by petitioner Departmental Disciplinary Committee for an order confirming the findings of fact, conclusions of law, and recommendation of disbarment made by the Hearing Panel is granted, and respondent's name

is hereby stricken from the roll of attorneys in the State of New York.

CARRO, J. P., WALLACH, ASCH, KASSAL and RUBIN, JJ., concur.

Respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective June 16, 1992.