OPINION OF THE COURT
Per Curiam.
Respondent Richard M. Garbarini was admitted to the practice of law in the State of New York by the Second Judicial Department on September 15,1999. At all times relevant herein, respondent has maintained an office for the practice of law within the First Department.
In November 2008, the Departmental Disciplinary Committee (Committee) served respondent with an amended notice of seven charges, accusing him of several instances of misconduct, in that he: submitted to a law firm a resume containing false information regarding his academic history and prior employment; submitted to the same firm, as a writing sample, a memorandum of law he falsely represented as his own; misrepresented, when questioned by the firm, that he was the author of the writing sample; falsely represented to the Committee in a June 2006 letter that he had prepared the writing sample; and failed to disclose on his 1999 bar application a 1996 arrest for the misdemeanor of driving under the influence of alcohol and conviction of the traffic violation of driving while impaired. Respondent, in addition, was arrested in February and April 2001 for the misdemeanor of criminal possession of a controlled substance (cocaine) in the seventh degree, in connection with which he entered two guilty pleas to the violation of disorderly conduct.[1]
Charges one through four alleged that respondent’s submission of a resume containing false information and his misrepresentations concerning the writing sample constituted conduct involving dishonesty, fraud, deceit, or misrepresentation, in *381 violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).[2]
Charges five and six alleged that respondent’s conduct resulting in his two 2001 arrests and guilty pleas adversely reflected on his fitness as a lawyer, in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).[3]
Charge seven alleged that, by failing to disclose on his bar application his 1996 arrest and conviction, respondent made a materially false statement, or deliberately failed to disclose a material fact requested, in violation of DR 1-101 (a) (22 NYCRR 1200.2 [a]).[4]
The Referee sustained charges one through seven, and recommended a sanction of public censure. The Hearing Panel agreed with the Referee’s findings, but recommended a stayed nine-month suspension.
The Committee moves to confirm the findings of misconduct, but to disaffirm to the extent of increasing the sanction to a one-year suspension. Respondent cross-moves to disaffirm to the extent of imposing a sanction of public censure.
Liability is not disputed herein; the only issue is the extent to which respondent’s substance abuse problems and previously undiagnosed psychiatric disorders warrant mitigation' of the sanction to be imposed. Respondent’s father was an alcoholic. His oldest brother died of a heroin overdose, and his remaining seven siblings abused drugs or alcohol. Respondent’s drinking began at age 19. In early 2000, he tried cocaine and became addicted almost immediately. In late 2000, respondent was fired from the firm he was employed at. Respondent worked briefly at two firms, and also performed contract work through a temporary agency. After another one of his brothers died in the World Trade Center attacks, respondent’s substance abuse problem worsened.
On December 5, 2005, respondent submitted an embellished resume to a law firm, as well as a writing sample that he falsely represented as his own. Noticing that the date on the sample did not correspond to respondent’s period of alleged employment, the hiring partner made further inquiries and discovered *382 that respondent had falsely represented his work history. The hiring partner thereupon reported the matter to the Committee. By that point, respondent was abusing drugs and alcohol daily and living “like an animal.”
Respondent credits the disciplinary inquiry as a major factor in his recovery. On December 4, 2006, respondent entered a 32-day residential treatment program and he remains sober to this day. He attends daily AA meetings, weekly group therapy and individual sessions, undergoes random drug testing, takes medication for bipolar disorder, and has been monitored by the New York City Bar Lawyer Assistance Program since November 2006.
Respondent started working at his current law firm in April 2007 in a temporary capacity. He was later made a full-time associate. The firm knows of respondent’s past and is fully supportive and accommodating of his therapy schedule.
Respondent’s psychiatrist testified that respondent suffers from bipolar disorder, alcohol dependence and grief reaction. He opined that respondent’s behavior was the “product of manic behavior probably augmented and lubricated by healthy doses of alcohol and drugs.”
The Referee sustained charges one through seven and recommended a sanction of public censure, noting that respondent had “gotten his life back together,” took full responsibility for his conduct, and was committed to recovery. The Referee believed suspension could derail the recovery respondent had made in his professional and personal life. The Hearing Panel agreed with the Referee’s liability findings, but disagreed as to the appropriate sanction. The Hearing Panel recommended a sanction of a stayed suspension of nine months, provided respondent continue in treatment, remain drug free, and maintain gainful employment until November 2011. The Hearing Panel acknowledged that this Department does not impose stayed suspensions, but cited the Third Department’s practice. The Committee now moves to confirm the findings of fact and conclusions of law sustaining the seven charges, but seeks to increase the sanction to a one-year suspension.
Respondent’s addiction does not excuse his misconduct, but máy be considered as a mitigating factor in determining the appropriate sanction to be imposed (see Matter of Bambury, 169 AD2d 168 [1991]). Under these circumstances, we find that public censure, as recommended by the Referee, is appropriate. Cases where censure was imposed have involved conduct com *383 parable to, or even more egregious than, respondent’s, or less compelling mitigating factors (see e.g. Matter of Katz, 15 AD3d 1 [2005]; Matter of Dorfman, 304 AD2d 273 [2003]).
Respondent’s misconduct, while serious, did not affect any clients, and stemmed from a serious substance abuse problem. Respondent has no prior disciplinary record, has expressed remorse, and has remained sober and employed at a law firm for three years. Multiple sources confirm respondent’s impressive recovery with respect to abstinence, treatment, honesty, and work. Although the Committee argues that he remains at high risk of recurrence, he has a three-year record of successful recovery efforts. Moreover, he is voluntarily continuing his intensive therapy and treatment, monitored by a number of doctors and programs.
Accordingly, the Committee’s motion is granted to the extent of confirming the findings of fact, and sustaining charges one through seven, and the cross motion is granted to the extent that respondent should be censured, and respondent should continue treatment and remain under the supervision of the New York City Bar Lawyer Assistance Program for a period of one year.
Tom, J.P., McGuire, DeGrasse, Richter and ManzanetDaniels, JJ., concur.
Respondent publicly censured, as indicated.

. One more count, charge eight, alleged that respondent’s failure to disclose his substance abuse problem on his bar application violated Code of Professional Responsibility DR 1-101 (a) (22 NYCRR 1200.2 [a]). The Referee and the Hearing Panel dismissed that charge on the ground that respondent did not comprehend his problem at the time, and the Committee does not contest that dismissal.

. This provision was renumbered Rules of Professional Conduct rule 8.4 (c) (22 NYCRR 1200.0), effective April 1, 2009.

. Renumbered Rules of Professional Conduct rule 8.4 (h) (22 NYCRR 1200.0).

. Renumbered Rules of Professional Conduct rule 8.1 (a) (2) (22 NYCRR 1200.0).