Matter of Levine (2021 NY Slip Op 06047)





Matter of Levine


2021 NY Slip Op 06047


Decided on November 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 04, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,J.P.,
Judith J. Gische
Barbara R. Kapnick
Peter H. Moulton
Bahaati E. Pitt, JJ.


Motion No. 2021-03079 Case No. 2021-01024 

[*1]In the Matter of Justin Levine, an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Justin Levine, (OCA Atty. Reg. No. 2028116.) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on December 11, 1985.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Vitaly Lipkansky, of counsel), for petitioner.
Respondent, pro se.



Per Curiam 


Respondent Justin Levine was admitted to the practice of law in the State of New York by the Second Judicial Department on December 11, 1985. At all times pertinent to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
In March 2021, the Attorney Grievance Committee filed a petition asserting two charges of professional misconduct alleging that respondent violated Rules of Professional Conduct (22 NYCRR 1200.0) rules 8.4(b) and 8.4(h) by knowingly and unlawfully bringing contraband into a detention facility. Thereafter, respondent submitted his answer, wherein he admitted the charges and detailed the circumstances underlying his misconduct, and the Committee filed a statement of disputed and undisputed facts.
The parties now jointly move under the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(a)(5) for an order imposing discipline by consent. The Committee and respondent agree on the stipulated facts, the acts of professional misconduct committed, factors in mitigation and aggravation, and the requested discipline of a six-month suspension. The following factual specifications are not in dispute:
In or about April 2019, respondent, a sole practitioner whose practice focuses on criminal defense, was representing a client who was incarcerated and awaiting trial on a criminal matter. Respondent agreed to the client's request to bring him a pack of cigarettes. On April 23, 2019, shortly before the client's scheduled court appearance, respondent met his client's friend, who had a cigarette pack, in the New York County Courthouse; the exchange was recorded on surveillance video. Respondent then met his client in the counsel visiting area at the Manhattan Detention Complex and gave him the cigarette pack; this exchange was also recorded on surveillance video. The client, whose communications with his friend regarding the cigarettes had been monitored by law enforcement, was later found to be in possession of 18 cigarettes, loose marijuana and a scalpel blade. The packet which had contained the cigarettes and the other contraband was found inside the toilet bowl of the cell where the client was being held.
On June 21, 2019, respondent was arrested, charged with promoting prison contraband in the second degree, a class A misdemeanor, in violation of Penal Law §205.20(1), arraigned and released on his own recognizance.
On September 19, 2019, respondent, appearing pro se, pleaded guilty to the sole charge. During his plea allocution he acknowledged that "on or about April 23, 2019 at approximately 2 p.m. inside 100 Centre Street in the County and State of New York [he] knowingly and unlawfully introduced contraband into the Detention facility, specifically that [he] gave cigarettes to a person who was in custody." Notably, there was no statement on the record that respondent was [*2]aware that the cigarette pack contained marijuana and a blade. On that same day, respondent was sentenced to a one-year conditional discharge and required to continue monthly sessions with his psychiatrist for one year.
As set forth in his affidavit, respondent conditionally admits the foregoing stipulated facts and that he ran afoul of the Rules of Professional Conduct in violation of rule 8.4(b) (engaged in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer) and rule 8.4(h) (engaged in conduct that adversely reflects on his fitness as a lawyer) by "knowingly and unlawfully introducing contraband into a detention facility".
Respondent consents to the agreed upon discipline of a six-month suspension, which consent is given freely and voluntarily, without coercion or duress and with full awareness of the consequences of consenting to such discipline.
In aggravation, respondent previously received an Admonition from the Committee in 2002 for taking on a legal matter that he knew he was not competent to handle without associating with a lawyer who was competent to handle it (in violation of former Disciplinary Rules 1-102[a][4] and 6-101[a][1]). Also, by his criminal conduct, respondent introduced contraband, that included a weapon, into a detention facility which could have endangered Department of Corrections personnel and inmates; and at the time of the misconduct, respondent was an experienced criminal defense attorney who knew that his actions were improper and potentially dangerous.
The mitigating factors offered by the parties are: respondent's prior Admonition was issued nearly 20 years ago and the misconduct therein was unrelated to the misconduct at issue; respondent has consistently accepted responsibility for his misconduct, particularly by expeditiously entering into a guilty plea in his criminal matter and admitting his misconduct before the Committee and this Court, as well as in his answer to the petition of charges; the evidence in the criminal proceeding did not support a conclusion that respondent was aware that marijuana and a blade were concealed in the pack of cigarettes; and during the time of the misconduct (April 2019), respondent was suffering from depression, anxiety and alcoholism and had been in treatment for these issues since about July 2019. Additionally, respondent has been a member of Alcoholics Anonymous since in or about June 2019, he received inpatient residential treatment for alcoholism for seven weeks from January 2021 to March 2021, and he agrees to contact the Lawyer Assistance Program (LAP) of the New York City Bar Association to participate in the program for at least one year as to his continued recovery from alcohol abuse and his mental health issues.
The parties assert that, under the totality of the circumstances, a six-month suspension would be appropriate. The parties rely on Matter of Samuels (127 AD2d 85 [1st Dept 1987]) which similarly involved an attorney [*3]convicted of promoting prison contraband, in addition to criminal possession of a hypodermic needle. Samuels was convicted, after a jury trial, and sentenced to three years' probation and directed to enroll in a drug and alcohol treatment program. This Court suspended Samuels for one year (with his reinstatement conditioned on his ability to show he was substance free) and he consented to random alcohol and/or drug testing during his suspension.
The parties agree that the lesser discipline of a six-month suspension is appropriate in this case because respondent, unlike Samuels, immediately accepted responsibility for his misconduct by quickly entering into a guilty plea and was convicted of only one misdemeanor, not two. Also, while Samuels knowingly brought a dangerous item into a detention facility (i.e. hypodermic needle) the evidence here does not support a conclusion that respondent knew that the pack of cigarettes that he gave to his client contained anything other than cigarettes. In addition, respondent's treatment for mental health and substance abuse, and his AA membership, of which he partook before his guilty plea, weigh in favor of a lesser sanction since it does not appear that Samuels sought help with his substance abuse until forced to by law enforcement and the courts.
In light of respondent's admitted misconduct, the mitigating and aggravating factors presented, and the relevant case law, this Court grants the parties' joint motion for discipline by consent and respondent is suspended from the practice of law for a period of six months and until further order of the Court. Respondent is further directed to participate in mental health and alcohol abuse programs administered by the New York City Bar Association's LAP program. The Committee's petition of charges is thus denied as moot.
All concur.
It is ordered that the parties' joint motion for discipline by consent pursuant to 22 NYCRR 1240.8 (a) (5) is granted and respondent Justin Levine is suspended from the practice of law in the State of New York for a period of six months, commencing December 6, 2021, and until further order of this Court, with respondent directed to participate in mental health and alcohol abuse programs administered by the New York City Bar Association's Lawyer Assistance Program; and
It is further ordered that the petition of charges is denied as moot, and
It is further ordered that during his period of suspension, and until further order of this Court, respondent Justin Levine is commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another; that respondent is forbidden to appear as an attorney or counselor-law before any court, judge, justice, board, commission or other public authority; and that respondent is forbidden to give to another an opinion as to the law or its application or any advice in relation thereto. Respondent is directed to fully comply with the provisions of the [*4]Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15) which are made part hereof, and
It is further ordered that if the respondent has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered: November 4, 2021