Pacheco v Jabalera (2023 NY Slip Op 01362)

Pacheco v Jabalera

2023 NY Slip Op 01362

Decided on March 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 16, 2023

Before: Friedman, J.P., González, Kennedy, Shulman, Pitt-Burke, JJ. 

Index No. 29973/20 Appeal No. 17520 Case No. 2022-00597 

[*1]Victor C. Pacheco et al., Plaintiffs-Respondents,
v
Francisco Jabalera, Defendant-Appellant, Tomasz Chorostecki et al., Defendants-Respondents, Luis Santos Jr. Defendant.

McCabe, Collins McGeough, Flower, Levine & Nogan LLP, Jericho (James M. Hayes of counsel), for appellant.

Order, Supreme Court, Bronx County (Veronica G. Hummel, J.), entered on or about January 14, 2022, which denied defendant Francisco Jabalera's motion to dismiss the complaint pursuant to CPLR 3211(a)(1), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiffs commenced this action to recover damages for injuries sustained in a motor vehicle accident. In the complaint, plaintiffs alleged that each named defendant was an owner of the vehicle. Defendant Jabalera denied that allegation. Defendants Tomasz Chorostecki and Chorostecki Auto Group, LLC (together, Chorostecki defendants), did not deny that allegation.
The motion court improvidently exercised its discretion in converting Jabalera's CPLR 3211 motion to one for summary judgment. CPLR 3211(c) empowers the court to convert a 3211 motion to one for summary judgment, but only after adequate notice to the parties. The motion court provided no notice to the parties. Moreover, none of the exceptions to the notice requirement apply here (see Four Seasons Hotels v Vinnik , 127 AD2d 310, 320 [1st Dept 1987]).
Nevertheless, we consider the merits, as the motion is, in effect, one for summary judgment although denominated as a CPLR 3211 motion (CPLR 5501[c]). In their answer, the Chorostecki defendants' failure to deny the allegations that they are owners of the vehicle, are formal judicial admissions, and are deemed admitted (see Matter of Driver , 117 AD2d 224, 226 [1st Dept 1986]). Moreover, Jabalera's submissions demonstrate that he was not the owner of the vehicle at the time of the accident. In opposition, plaintiffs have failed to demonstrate that any facts exist as to the ownership of the vehicle that require further discovery on this issue (see Bailey v New York City Tr. Auth. , 270 AD2d 156, 157 [1st Dept 2000]). We note that the Chorostecki defendants do not oppose the appeal. Accordingly, the complaint and cross claims are dismissed as against Jabalera.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 16, 2023