In the Matter of FREDERIC D. WALKER (Admitted as FREDERIC D. WOLKOFF), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 19, 1985

**APPEARANCES OF COUNSEL**

*Alan S. Phillips* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Hyman Bravin* for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Departmental Disciplinary Committee has moved to

confirm findings of fact and conclusions of law of a hearing panel, which recommended that respondent be disbarred.

Respondent was admitted to practice on September 23, 1948, in the Second Department, and maintained an office in the First Department.

He was charged, *inter alia,* with professional misconduct and conduct prejudicial to the administration of justice, in that he commingled his client's funds with his own funds and converted funds to his own use, a violation of the Rules of the Appellate Division, First Department (22 NYCRR 603.15 [a]). After a hearing at which respondent appeared with counsel, some of the charges were sustained.

On or about October 1980, respondent, in his representation of a seller of real property, received a $30,000 check from the purchaser as a down payment. He deposited it into his escrow account, but used the money for his own purposes and permitted the balance in the account to fall below $30,000. When the real estate transaction was canceled, respondent issued a check to the purchaser for $30,000, which check was returned for insufficient funds.

The second charge involved respondent's depositing of his personal funds into an escrow account from October 1980 through June 1981 and commingling the funds with his clients' funds. He was accused of making withdrawals and issuing checks drawn upon his escrow account in payment of personal and business expenses, transferring funds from the escrow account into an interest-bearing, personal savings account, and retaining the accumulated interest for his own use.

Finally, respondent was accused of falsely testifying under oath at a trial that he had retained the down payment in his escrow account until the time the down payment was returned.

At the hearing, respondent explained that he maintained several escrow accounts, both savings and checking. The $30,-000 was deposited in a checking account, and some of it transferred to a savings escrow account. Some funds, however, were admittedly transferred to personal accounts and used to pay personal and business bills without the consent of the beneficiary of the funds.

In addition, respondent stated that when he sent the $30,-000 check to the seller's attorney, he did not believe it was going to be cashed because the parties were trying to keep the transaction alive. It is clear, however, that the money given to

respondent to be held in escrow was not always kept intact in his escrow account or accounts. Indeed, at one point when he should have had $60,000 in escrow because he had received another $30,000 check as part of a "back-up" transaction to the original contract, his escrow balance was only $45,858.16.

The hearing panel found respondent guilty of commingling his client's funds with his own funds in violation of Code of Professional Responsibility DR 9-102 (A), and of conversion in violation of DR 1-102 (A) (4). The panel found that the charges of failure to account to his client and knowingly and willfully testifying falsely under oath in a judicial proceeding had not been sustained. Inasmuch as respondent's acts constituted illegal conduct involving moral turpitude and constituting professional misconduct, it recommended that he be disbarred.

In his answer to the petition, respondent cross-moved for various items of relief, viz., striking the evidence received by the hearing panel, vacating the findings of fact and conclusions of law and recommendation of the panel, and transferring the proceedings to the Second Department or another appropriate Department. In the alternative, he asked that the petition be dismissed because the charges were not sustained.

The essence of respondent's argument with regard to his request for a change of venue is that complaints about attorneys are processed differently, and sanctions for similar misconduct vary significantly, among and even within the four Departments of the Appellate Division, and thus the attorneys who are subject to the disciplinary jurisdiction of the First Department are deprived of their constitutional rights of due process and equal protection since it "consistently imposes more severe sanctions than the other departments." Respondent notes that in cases of conversion a report of the ABA's Standing Committee on Professional Discipline found that, depending on which Department has jurisdiction, the sanctions can range from censure to disbarment. Yet, while the goal of all Departments should be to impose sanctions as uniformly as possible, nothing in either the Constitution or statute guarantees that different jurisdictions must adhere to identical procedures or that sanctions imposed must be identical.

Respondent further alleges that he was denied a reasonable opportunity to present a defense because his motion to set aside the hearing panel's verdict and to reopen the record was erroneously denied. Yet, respondent was given notice of the

charges against him and an opportunity to defend against them at an evidentiary hearing, of which he did avail himself. In his reply affidavit respondent raises questions about his prior counsel's representation by citing his failure to bring forth any mitigating circumstances. Since we do not always disbar when an attorney is guilty of conversion of client's funds *(see, e.g., Matter of Einhorn,* 88 AD2d 95), but have taken mitigating circumstances into consideration, the question of whether respondent's counsel raised the issue is moot. It can be raised now and we are not obligated to disbar. Whether prior counsel could have more persuasively advanced the arguments now offered has nothing to do with the evidence of respondent's misconduct, which is overwhelming.

What respondent has offered in mitigation of his guilt is his claim that the Internal Revenue Service had placed a lien on his personal bank accounts so that he used his special accounts for personal use. But it is clear that the balance in the escrow accounts fell below what he was holding for clients, so respondent used not only his own funds but escrow moneys in these accounts for personal expenditures. This is hardly a mitigating circumstance. Respondent did not give any notice that he was withdrawing escrow funds and when he was obligated to return the $30,000 down payment, his check was dishonored.

Respondent's final argument suggests that the chairman of the hearing panel committed error when he signed petitioner's rather than respondent's, findings of fact and conclusions of law. In our review of the record we consider all the evidence, regardless of whether it was omitted from the panel's findings. We have taken note of respondent's prior unblemished record and the character witnesses offered, both of which matters were not referred to in petitioner's findings.

Accordingly, the petition should be granted, and the cross petition denied, and respondent's name stricken from the roll of attorneys and counselors-at-law, effective immediately.

SANDLER, J. P., SULLIVAN, ASCH, MILONAS and ELLERIN, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, and cross motion/cross petition denied.