■ SAM NAMER, Plaintiff, v 152-154-156 WEST 15TH STREET REALTY CORP., Defendant. FREDERIC WALKER, Appellant, v ALICE SANT'ANDREA et al., Respondents.—Order, Supreme Court, New York County (Irving Kirschenbaum, J.), entered August 18, 1987, unanimously reversed, on the law and the facts, and the judgment, dated June 14, 1985 and entered December 6, 1985, reinstated.

This is a dispute concerning legal fees. Following representation of the defendants in several legal matters, plaintiff Frederic Walker brought an action against the defendants for legal fees. In September 1981 the defendant corporation moved to discharge plaintiff Walker as its attorney and to

extinguish his attorney's lien. By a decision dated October 22, 1981, Justice Nathaniel Helman referred to a Referee the issue of whether counsel should be discharged for cause so that his attorney's lien would be extinguished. In his report, Referee Gerald Mazur noted that while the attorney had been discharged in March 1981, he was subsequently rehired and his acts ratified by the client. The Referee found that the reasonable value of the lien for services rendered was $10,000.

By an order entered on November 1, 1982, Justice Kirschenbaum confirmed the report of the Referee only to the extent of finding that the value of plaintiff Walker's services was $10,000. Subsequently, the Appellate Division modified the November 1, 1982 order "to the extent of granting the motion to confirm in its entirety". *(Namer v 152-54-56 W. 15th St. Realty Corp.,* 108 AD2d 705.) In response to the order of the Appellate Division, Justice Kirschenbaum, by an order dated June 14, 1985 and entered December 6, 1985, confirmed the report of Referee Mazur in all respects, ordered that the plaintiff Walker recover from the defendants the sum of $10,000 and directed Citibank to turn over to the plaintiff the sum of $10,000. No appeal was taken from this judgment. The money was turned over to the plaintiff.

By an order dated December 19, 1985, plaintiff Walker was disbarred. *(Matter of Walker,* 113 AD2d 254.) In disbarring him, the Appellate Division found that Walker had improperly commingled and converted his client's funds. The disbarment grew out of the filing of a complaint by the defendant Sant'Andrea with the Disciplinary Committee of the First Department.

By notice of motion dated June 12, 1987, that is approximately two years after the judgment of Justice Kirschenbaum directing the turnover of the sum of $10,000, the defendants asked for reargument and, among other reasons, cited the disbarment of the plaintiff Walker. The defendants contended that because of the misuse of their funds by the plaintiff, funds which were to be placed in escrow, the plaintiff Walker was not entitled to any payment.

The motion court erred in granting the motion for reargument and vacating its order of June 14, 1985. Not only was the motion for reargument untimely in that it was not made until some two years after the order directing payment, but also the order appealed from was counter to the Appellate Division decision of February 28, 1985. Although that decision did not specifically state that payment of $10,000 should be

made to Walker, it is clear that payment was intended by the decision when it ordered that the report of the Referee be confirmed in its entirety. Moreover, there is no question that the legal fees were earned. Concur—Kupferman, J. P., Sullivan, Kassal, Ellerin and Smith, JJ.