In the Matter of HAROLD W. GRUBART, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 28, 1989

### APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Hyman Bravin* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, admitted to the practice of law in New York in

the First Judicial Department on June 11, 1935, at all relevant times herein maintained an office for the practice of law in the First Department.

Petitioner, Departmental Disciplinary Committee (DDC) for the First Judicial Department, moves for an order, pursuant to 22 NYCRR 603.4 (e), suspending respondent from the practice of law forthwith and until such time as the disciplinary matters before the Committee have been concluded.

On or about February 3, 1989, respondent was served with a notice and statement of charges in which it was alleged that respondent was guilty of serious professional misconduct in connection with six different clients and legal matters entrusted to him. Six of the 13 charges, and one of the most serious matters, involves respondent's alleged conversion and misappropriation of funds belonging to a client. The balance of the charges involve a false representation that no prior application for relief had been made in a motion to vacate a judgment entered in the Civil Court; his failure to account for the assets of an estate in the approximate amount of $150,000; neglect of a personal injury action and commercial matter; willful avoidance of lawful process resulting in a finding of contempt against him and failure to satisfy a judgment entered against him in the sum of $518.08. Hearings on the charges of conversion and misappropriation were conducted on May 1, May 22 and June 12, 1989 in which respondent represented himself.

Respondent testified that, in February 1986, he received a check in the sum of $12,500 to be held in escrow as part of a real estate transaction. He stated that nothing was done with the check until July 7, 1986 when it was deposited in his European American Bank "Trading Mart, Inc." account, which he maintained exclusively for his private business use. Respondent claims that this deposit was made by his secretary and that he had no knowledge that the funds were deposited into his business account. However, he admits that the balance in this account was reduced from $13,903.41 on July 7, 1986 to $7,536.04 on August 12, 1986 and that no part was disbursed to his client or on her behalf.

Respondent further testified that, on or about July 15, 1986, he received checks totaling $86,142.20 which represented funds belonging to his client's former husband and which he was required to maintain in an escrow account pending resolution of certain matters between the parties. This sum repre-

sented four checks in the amounts of $28,109.82, $32.68, $30,000 and $28,000, respectively.

The first two checks were deposited in a new account at Republic National Bank entitled "Trading Mart, Inc. Trust Account". Respondent concedes that he had no authority to deposit the funds in such an account and never advised his client thereof. The latter two checks totaling $58,000, were deposited in his personal account at European American Bank. Again respondent maintains that this deposit was made by his secretary while he was out of the office, ill, and that upon discovery of the error he transferred the $58,000 to his Republic National Bank account.

Although testifying that he regarded the Republic National Bank account as an escrow account for his client, respondent nevertheless admits that he withdrew $13,000 from that account in order to pay another client and deposited funds into the account that were unrelated to his client's interests. Respondent further concedes that, in an application for a mortgage, he claimed the funds in the Republic account as his personal assets.

It is respondent's contention that he did not use an escrow account in his own name because he felt that such an account would be easy for his judgment creditors to attach. It is his asserted perception that he was thereby protecting his clients' funds. However, respondent admits that the funds in question have been tied up in litigation due to restraints placed by a personal judgment creditor on each of his accounts. He concedes currently owing his client some $70,000, plus interest.

DDC asserts that respondent's substantial admission of professional misconduct, coupled with other uncontroverted evidence of professional misconduct constitute grounds for immediate suspension pursuant to 22 NYCRR 603.4 (e). The Committee anticipates that this matter will require additional hearings, followed by the issuance of a written report. The Committee asserts that respondent's complete lack of awareness and/or remorse with regard to the various transactions compels immediate intervention by this court to suspend respondent from the practice of law until disciplinary proceedings can be completed.

In reply, respondent's counsel notes that his client is 77 years old and has practiced law for 54 years. Counsel claims that respondent has not previously appeared before a disciplinary committee and urges that, in view of his debilitated

condition, respondent should have been represented by an attorney at the DDC hearings. Counsel was retained after the first three hearings had been held and appeared for the first time at the following session. It is counsel's position that respondent was not qualified to represent himself and that his physical and medical conditions, taken together, constitute a complete defense to the charges against him.

The Committee rejects this argument, pointing out that respondent was initially served with charges on or about February 2, 1989, three months before the first hearing was conducted. On that occasion, the issue of representation was specifically raised, and respondent was granted a three-week adjournment to obtain counsel. However, at the next hearing, he again appeared without an attorney and, after a discussion regarding his efforts to obtain counsel, the session proceeded with respondent appearing *pro se*. It is the Committee's position that this was a conscious decision on respondent's part. DDC points out that respondent delivered a lengthy, detailed opening statement, cross-examined witnesses in detail, and read aloud and quoted documents to witnesses. It was noted on the record that respondent conducted a vigorous defense. In addition, respondent requested a delay of the proceedings to go to Israel.

22 NYCRR 603.4 (e) (1) provides, in pertinent part, as follows:

"An attorney who is the subject of an investigation, or of charges by the Departmental Disciplinary Committee of professional misconduct, or who is the subject of a disciplinary proceeding pending in this court against whom a petition has been filed pursuant to this section, or upon whom a notice has been served pursuant to section 603.3 (b) of this Part, may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding shall be based upon * * *

"(ii) a substantial admission under oath that the attorney has committed an act or acts of professional misconduct, or

"(iii) other uncontroverted evidence of professional misconduct."

Respondent has admitted depositing his client's checks into his bank accounts and making a representation that the funds in one account were his personal assets. While he has at-

tempted to explain his conduct, these actions constitute serious professional misconduct. His admissions under oath together with the uncontroverted evidence regarding his misuse of the bank accounts are sufficient to warrant immediate suspension under the provisions of section 603.4 (e). The assertion by counsel that respondent could not properly conduct a defense due to age is not supported by the record which indicates, to the contrary, that having been given ample opportunity to retain counsel, respondent decided to proceed *pro se* and conducted a vigorous defense.

Accordingly, pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii), respondent should be suspended from the practice of law forthwith and until such time as the disciplinary matters before the Committee have been concluded and until further order of this court.

CARRO, J. P., ASCH, ELLERIN, WALLACH and RUBIN, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York forthwith and until such time as the disciplinary matters before the Departmental Disciplinary Committee for the First Judicial Department have been concluded and until the further order of this court.