In the Matter of HAROLD W. GRUBART, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 30, 1990

**APPEARANCES OF COUNSEL**

*Andra N. Bratton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Hyman Bravin* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in New York by the First Judicial Department on June 11, 1935 and at all relevant times has maintained an office for the practice of law in the First Judicial Department.

Petitioner, Departmental Disciplinary Committee (DDC) for the First Judicial Department, moves for an order pursuant to 22 NYCRR 603.4 (d) confirming a report of the Hearing Panel dated April 25, 1990 which recommended disbarment of respondent.

Respondent was suspended from the practice of law, pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii), on November 28, 1989 until such times as the disciplinary matters before the Committee had been concluded (152 AD2d 185).

On or about February 3, 1989, respondent was served with a notice and statement of charges in which it was alleged that respondent was guilty of serious professional misconduct in connection with six different clients and legal matters entrusted to him. Charges one through six charged respondent with three instances of conversion in violation of Code of Professional Responsibility DR 1-102 (A) (4) and (6) and also alleged related violation of DR 9-102 (A) and 22 NYCRR 603.15. The charges were filed in connection with respondent's alleged misappropriation of funds belonging to a client, Joyce Mitchel (Mitchel) which fund respondent deposited, in portions and at various times, into his personal account and into a corporate trust account without authority from Mitchel.

Charge seven alleged that respondent violated DR 1-102 (A) (4), (5) and (6) and DR 7-102 (A) (5) by making false representations in motion papers submitted to Judge Lewis R. Friedman of the Civil Court of the City of New York.

Charges eight through ten alleged that respondent converted estate assets in violation of DR 1-102 (A) (4) and (6), failed to account in violation of DR 9-102 (B) (1) and (3) and neglected a legal matter in violation of DR 6-101 (A) (3), all in connection with his representation as counsel and executor to the estate of Alfred Frankel (Frankel).

Charge eleven charged neglect in violation of DR 6-101 (A) (3) in connection with respondent's representation of Myron Garr (Garr).

Charge twelve alleged violations of DR 1-102 (A) (5) and (6) as a result of respondent being found in contempt by Judge

Michael Gage of the Family Court, Queens County, for wrongful and willful avoidance of service.

Charge thirteen alleged a violation of DR 1-102 (A) (6) resulting from respondent's willful failure to satisfy a judgment entered against him in the Civil Court of the City of New York, Small Claims Part, in favor of Henry C. Klein.

On or about March 6, 1989, respondent served an answer which alleged, with regard to charges one through six that the Mitchel funds had remained intact since 1986. Respondent basically denied all other allegations. Thereafter a Hearing Panel convened, heard testimony on the charges on May 22, 1989, June 12, 1989, July 17, 1989, July 24, 1989 and August 21, 1989. Respondent appeared *pro se* on May 1, 1989, May 22, 1989, June 12, 1989, July 17, 1989 and appeared by counsel on July 24, 1989 and August 21, 1989.

With respect to charges one through six, the Panel found that respondent was entrusted with funds totaling $98,642.20 which represented proceeds belonging to his client, Mitchel, resulting from the sale of Mitchel's premises. On or about February 19, 1986, respondent received a check for $12,500 representing Mitchel's share of the proceeds of the down payment. The Panel found that from February 17, 1986 until July 7, 1987, respondent failed to deposit said sum into any account, escrow or otherwise. On July 7, 1986 he deposited the money into an account in the European American Bank in the name of "Trading Mart, Inc.", which was maintained by respondent for personal expenses. By August 12, 1986, the account had dropped to $7,536.04.

It was the Panel's finding that the deposit constituted a conversion in violation of DR 1-102 (A) (4) and (6) and further constituted violation of DR 9-102 (A) and 22 NYCRR 603.15.

The Panel found that an additional sum of $86,142.20 (consisting of four checks) entrusted to respondent on Mitchel's behalf was misappropriated with respondent keeping all four checks in his possession from July 15, 1986 to August 25, 1988 and then depositing two checks totaling $58,000 in his personal account and two checks totaling $28,142.50 in another account entitled "Trading Mart, Inc. Trust Account". On September 12, 1986 the $58,000 was transferred to the Trading Mart account and then used to pay the claim of an unrelated client and in a mortgage application respondent claimed the funds as his own personal assets. At the time of hearing, the funds were still not available to Mitchel due to restraints placed by respondent's creditors.

The Panel found that respondent's conduct amounted to a deliberate conversion in violation of DR 1-102 (A) (4) and (6) and further found his conduct violated DR 9-102 (A) and 22 NYCRR 603.15.

With respect to charge seven, the Panel found that respondent violated DR 1-102 (A) (4), (5) and (6) and DR 7-102 (A) (5) by falsely representing, in 1988 motion papers before Honorable Lewis Friedman, Civil Court of the City of New York, that he had not previously applied for vacation of a judgment. Noting that respondent had sought the same relief in 1985 motion papers, the Panel rejected respondents' argument that the relief sought in 1988 was different from the relief sought in 1985.

With respect to charges eight through ten, the Panel found that the respondent failed to account for the Frankel Estate's assets for over 12 years and exhibited a pattern of evasive behavior to the estate's beneficiaries. While claiming that he lost the file and acknowledging his "negligence", respondent was given an opportunity to amass his own evidence regarding the estate's assets. Respondent failed to present such evidence and was charged with having received principal of the estate amounting to $150,000 together with interest at the rate of 6% per annum from the date of decedent's death (Oct. 12, 1974). Respondent has still not accounted for these sums. Respondent converted the estate's funds and property in violation of DR 1-102 (A) (4) and (6) and failed to account and maintain proper financial records in violation of DR 9-102 (B) (1) and (3).

With respect to charge eleven, the Panel found that respondent while assuring Garr that his cases were progressing, neglected to prosecute Garr's respective personal injury and commercial actions in violation of DR 6-101 (A) (3).

Charge twelve was sustained with the Panel finding that respondent violated DR 1-102 (A) (5) and (6) by being held in contempt by Judge Michael Gage of the Family Court, Queens County, for "knowing and willful avoidance of service of papers".

Finally with respect to charge thirteen, the Panel found respondent's willful pattern of failing to pay a judgment against him in Small Claims, Civil Court, New York County, constituted misconduct in violation of DR 1-102 (A) (6).

The Panel considered respondent's alleged poor health in mitigation and found no causal link between his health prob-

lems and "his pattern of deceitful, fraudulent and negligent conduct".

Respondent, in opposition, argues that all evidence before the Panel should be stricken and the matter remanded for further proceedings to another Panel by virtue of respondent's appearance *pro se* during some of its hearing sessions.

Respondent's argument as to his *pro se* appearance has already been rejected by this court *(Matter of Grubart,* 152 AD2d 185, *supra)* and will not again be considered. Respondent has further failed to establish that his age and health problems had any relation to his acts of misconduct *(Matter of Levine,* 101 AD2d 49).

In view of the serious nature of respondent's misconduct involving multiple violations of the disciplinary rules and the fact that he has received three prior letters of admonition, the DDC's motion for an order disbarring the respondent should be granted.

Accordingly, respondent should be disbarred and his name stricken from the roll of attorneys and counselors-at-law forthwith.

CARRO, J. P., ASCH, ELLERIN, WALLACH and RUBIN, JJ., concur.

Respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective forthwith.