In the Matter of STEPHEN N. CEA, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 5, 1991

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Stephen N. Cea, Esq. was admitted to the practice of law in the State of New York by the First Judicial

Department on December 16, 1963. At all times relevant herein respondent has maintained an office for the practice of law within the First Judicial Department.

On or about March 28, 1990, in the United States District Court for the Southern District of New York, respondent pleaded guilty to the crime of embezzlement in violation of 18 USC §§ 2 and 656, which is a felony under the laws of the United States. Thereafter, he was sentenced to a term of imprisonment of 25 months, to be followed by a term of probation for a period of three years. He was also fined $50.

Following respondent's conviction and sentence in August 1990, petitioner Departmental Disciplinary Committee filed a petition seeking an order from this court finding that the crime of which respondent was convicted constitutes a "serious crime" pursuant to Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b), suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f), and directing respondent, pursuant to Judiciary Law § 90 (4) (g), to show cause before the petitioner, who shall thereupon hold a hearing and issue a report and recommendation to this court, why a final order of censure, suspension or removal from office should not be entered.

Although served with notice of this petition, respondent has not interposed a response.

Accordingly, we grant the petitioner's motion and deem that respondent committed a "serious crime" within the contemplation of Judiciary Law § 90 (4) (d). Respondent is hereby suspended from the practice of law pending a final order of the court (Judiciary Law § 90 [4] [f]) and directed to show cause before petitioner, who shall thereupon hold a hearing and issue a report and recommendation to this court, why a final order of censure, suspension or removal from office should not be entered (Judiciary Law § 90 [4] [h]).

KUPFERMAN, J. P., ELLERIN, SMITH and RUBIN, JJ., concur.

Respondent is directed to show cause why a final order of suspension, censure or removal from office should not be made and, pending final determination of the petition, respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, and until the further order of this court, all as indicated.