In the Matter of IRVING KURTZ, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 4, 1992

**APPEARANCES OF COUNSEL**

*Andral N. Bratton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, Irving Kurtz, was admitted to the practice of

law in New York by the First Judicial Department on February 10, 1975. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

On or about February 7, 1991, respondent was served with a notice and statement of charges. The charges contained eight counts of serious professional misconduct involving respondent's alleged deliberate conversion of clients' funds held in his escrow account. The charges state that, in each instance, respondent deposited client funds in his escrow account and then drained the account by making withdrawals and writing checks on the account primarily payable to himself, which funds he would thereafter use for personal purposes. Respondent never returned funds belonging to 5 of the 8 clients in question. The other three were unknowingly paid with funds which did not belong to them.

The charges also allege that respondent failed to preserve the identity of client funds and failed to pay promptly certain funds which his clients were entitled to receive in violation of Code of Professional Responsibility DR 9-102 (A) and (B) (4) and 22 NYCRR 603.15 (before the 1990 amendment).

On or about February 27, 1991, respondent served an answer to the charges which denied all allegations "upon information and belief".

Thereafter, copies of respondent's 1990 bank records for his escrow account were furnished to the Committee pursuant to a subpoena. Based upon its review of the bank records and the fact that respondent failed to, appear at scheduled depositions and otherwise failed to cooperate with the Committee in its investigation, on April 22, 1991, the Committee moved for an order pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) suspending respondent from the practice of law forthwith. Respondent did not interpose a response to that motion.

By order (M-1804) entered July 18, 1991, this court suspended respondent from the practice of law until such time as the disciplinary matters pending before the Committee had been concluded and until further order of this court.

On April 11, 1991, a Hearing Panel convened to hear evidence relating to the charges but respondent did not appear. The Hearing Panel received into evidence respondent's "fax" dated April 4, 1991, stating his intention not to appear for medical reasons. However, the respondent failed to supply a medical affidavit substantiating his medical condition.

The Hearing Panel also received and noted respondent's prior correspondence with the staff of the Departmental Disciplinary Committee which evidenced a pattern of requesting adjournments for "medical" reasons and subsequent failure either to appear on the adjourned dates, or, for that matter, cooperate at all with DDC's investigation into the matter which resulted in the charges. The Panel also heard testimony from the DDC's investigators that respondent continued to maintain an office for the practice of law and, that notwithstanding his alleged medical difficulties, respondent has been physically present at his office on several occasions to accept service of papers.

In view of respondent's pattern of prior evasive conduct, coupled with his complete failure to provide any medical substantiation for his alleged medical condition, the Panel found respondent in default. By defaulting, respondent waived any defense to the charges, but the Panel nevertheless heard the testimony of one of the complainants and received inculpatory documentary evidence which had been previously furnished.

Based upon the testimony and the documentary evidence the Hearing Panel concluded that respondent was guilty of eight counts of conduct involving dishonesty, fraud, deceit or misrepresentation in violation of DR 1-102 (A) (4); eight counts of engaging in conduct that adversely reflects on his fitness to practice law in violation of DR 1-102 (A) (6); seven counts of failing to maintain client funds intact, allowing the escrow account balances to drop below the level required to maintain said funds, and failing to preserve the identity of client funds in violation of DR 9-102 (A) and one count of failing to promptly pay to a client as requested by the client funds which the client was entitled to receive in violation of DR 9-102 (B) (4).

The Panel specifically found that respondent had intentionally and deliberately converted client funds and that his alleged poor health was not a defense to the charges against him. The Panel further concluded that respondent's unexcused default and his failure to participate in the disciplinary process not only barred him from contesting the allegations in the charges, but also reflected an indifference to the consequences of an adverse determination, and demonstrated a lack of moral fitness to practice law.

On May 28, 1991, the Hearing Panel issued its written

report recommending that respondent should be disbarred. The Panel stated in pertinent part as follows: "In considering a recommended sanction, the Panel took into account respondent's alleged poor health. However, the Panel finds no causal link between respondent's asserted health problems and his pattern of deceitful, fraudulent and, indeed, criminal conduct."

The Departmental Disciplinary Committee now seeks an order confirming the findings of the Hearing Panel and imposing the recommended sanction of disbarment. The Committee also requests that respondent be directed pursuant to Judiciary Law § 90 (6-a) to make restitution to his clients.

A review of the evidence presented to the Hearing Panel, to wit, the testimony of Kathleen Proscia, one of the complainants and the documentary evidence which consists of bank records from respondent's escrow account, indicates that there is more than ample support for the Hearing Panel's finding that respondent is guilty of the professional misconduct charged. Commencing in January 1990 until approximately October 1990 respondent engaged in eight instances of intentional conversion of clients' funds, i.e., from Joan Heim, Ernest Loeser, Kathleen Proscia, Sandra Dominguez, Billie Rankins, Heather Ehlers, Andrew Robertson and Angelo De-Fingos. To date, only 3 of the 8 clients have been repaid and those three were paid with funds belonging to other clients. The most egregious case involves Kathleen Proscia, who has not received any portion of a $150,000 check settling a personal injury action on behalf of her daughter.

Absent extremely unusual mitigating circumstances, this court has consistently viewed conversion of funds belonging to a client or third party as grave misconduct warranting the severe penalty of disbarment. (Matter of Schmidt, 145 AD2d 103; Matter of Malatesta, 124 AD2d 62; Matter of Walker, 113 AD2d 254.) An attorney who misappropriates funds is presumptively unfit to practice law. (Matter of Pressment, 118 AD2d 270, citing Matter of Marks, 72 AD2d 399, 401.)

While mitigating circumstances do occasionally result in lesser sanctions (see, e.g., Matter of Altschuler, 139 AD2d 311; Matter of Engram, 129 AD2d 115; Matter of Levine, 101 AD2d 49), in those cases the misconduct generally arose primarily out of an attorney's carelessness; there was no previous history of misconduct; the attorney was mistaken as to his entitlement to his client's funds, and there was no motive to

convert. In the case at bar, however, no special circumstances exist. Throughout these disciplinary proceedings, respondent has not appeared nor has he offered any explanation for his serious misconduct. Other than his answer to the charges which contains general denials, nothing has been set forth by respondent by way of a defense. He failed to appear for scheduled depositions and otherwise did not cooperate with the Committee in its investigation, thereby necessitating a motion by the Committee for an order granting an interim suspension. Thereafter, respondent did not appear at the hearing before the Hearing Panel and he has not interposed a response to this motion.

Respondent did not supply a requested medical affidavit to substantiate his alleged medical condition. Moreover, the evidence presented at the hearing by the Committee's investigators indicated that despite his alleged poor health, respondent was physically present in his office on several occasions to accept service of papers.

As such, respondent has offered no defense for his actions and if his alleged poor health were to be considered despite the lack of medical substantiation, as noted by the Panel, respondent has failed to establish any causal link between his health problems and his pattern of serious professional misconduct. *(See, Matter of Grubart,* 164 AD2d 144.)

The Hearing Panel's recommendation that respondent be disbarred is in accord with recent precedent in this court and is justified not only because of the eight instances of misappropriation of client funds for which no defense has been offered, but also because of respondent's failure to cooperate in these proceedings.

Accordingly, the Hearing Panel's report is confirmed and the motion by the Departmental Disciplinary Committee seeking respondent's disbarment is granted. Further, respondent is ordered pursuant to Judiciary Law § 90 (6-a) (a) *et seq.* to make restitution to his clients.

CARRO, J. P., MILONAS, ASCH, KASSAL and RUBIN, JJ., concur.

Respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective March 4, 1991, and respondent is directed to make restitution to his clients.