In the Matter of ELLIOT J. STEIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 30, 1993

### APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Elliot J. Stein was admitted to the practice of

law as an attorney and counselor-at-law in the State of New York by the Appellate Division of the Supreme Court, First Judicial Department, on March 3, 1975. At all times relevant herein, he has maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (d) confirming the Hearing Panel's report and recommendation. In that regard, respondent was served on or about November 12, 1991 and again on November 18, 1991 with a notice and statement of charges alleging 16 counts of professional misconduct, including the conversion of funds belonging to 14 different clients, settling clients' cases without their knowledge or authority, forging their signatures to settlement papers and on the settlement checks, failing to preserve the identity of clients' funds and not promptly paying them the funds that they were entitled to receive, and engaging in a willful and continuing pattern of noncooperation with the Committee's investigation. Indeed, prior to filing its charges, petitioner had moved to suspend respondent from the practice of law based upon his lack of cooperation and the uncontroverted evidence of his misconduct. The Committee's motion was granted, and respondent was suspended, effective October 10, 1991 *(Matter of Stein,* 171 AD2d 202).

After respondent failed to respond to the charges, he was advised by letter that he was in default and that the Hearing Panel would convene on January 16, 1992. The proceedings ensued despite respondent's nonappearance, and petitioner's motion that the charges be deemed admitted and, therefore sustained, was granted. The Panel found that by failing to submit an answer or attend the hearing, respondent waived any defense. Moreover, notwithstanding that respondent's default was amply demonstrated, documentary evidence confirmed the uncontroverted allegations of his misconduct. It is, accordingly, clear that between 1987 and 1991 respondent was involved in the systematic practice of stealing funds belonging to his clients, forging their signatures on their settlement checks and even obtaining the subject money by settling cases without the authority or knowledge of his clients. Despite repeated demands that he pay or deliver funds to clients which belong to them, he has failed or refused to do so.

Respondent has, thus, engaged in professional misconduct, including dishonesty, fraud, and deceit in violation of Code of Professional Responsibility DR 1-102 (A) (4) and in conduct

that adversely reflects on his fitness to practice law in violation of DR 1-102 (A) (6). He has also failed to maintain intact the funds of his clients and preserve the identity of the funds of clients in violation of DR 1-102 (A) (6), DR 9-102 (A) and (B); failed to pay promptly funds which belonged to them in violation of DR 9-102 (B) (4) and DR 9-102 (C) (4), as amended effective September 1, 1990; and he improperly settled matters without the knowledge or authority of the clients concerned and failed to advise them of his receipt of their settlement checks in violation of DR 1-102 (A) (4), (6), DR 7-101 (A) (1) and (3). He wrongfully drafted checks which he knew or should have known would be dishonored for insufficient funds and did not replace the dishonored checks, thereby engaging in conduct constituting fraud, dishonesty, deceit or misrepresentation in violation of DR 1-102 (A) (4), which adversely reflects upon his fitness to practice law in violation of DR 1-102 (A) (6). Finally, the Panel found that by presenting a forged document to the Committee and by deliberately lying under oath during a deposition before the Committee, respondent violated DR 1-102 (A) (4), (5) and (7).

It should be noted that several days subsequent to the meeting of the Panel on January 16, 1992, respondent submitted an affidavit in which he attempted to resign from the Bar, conceding that he could not successfully defend himself on the merits of the charges against him. However, this Court denied his application. In addition, respondent presented to the Hearing Panel copies of his affidavit offering to resign from the Bar, claiming that his misconduct resulted from gross errors in judgment due to a psychological condition, as well as the financial and psychological pressures of raising, as a single parent, an emotionally disturbed son. He also furnished the Panel with two reports from psychiatrists, dated 1985 and 1987, relating to his son. The Panel considered respondent's submission but proceeded to recommend that he be disbarred. He has not filed any response to the Committee's petition to confirm the Hearing Panel's report and recommendation.

Pursuant to 22 NYCRR 605.12 (c) (4), "[i]n the event the respondent fails either to serve and file an answer or respond specifically to any allegation or charge, such an allegation or charge shall be deemed admitted." Therefore, the Hearing Panel properly considered all of the charges admitted. Further, there was ample evidence supporting respondent's guilt of the accusations against him. Absent extremely unusual mitigating circumstances not evident here, this Court has

consistently held the conversion of funds belonging to a client or third party to be grave misconduct warranting disbarment *(see, i.e., Matter of Kurtz,* 174 AD2d 207; *Matter of Schmidt,* 145 AD2d 103; *Matter of Malatesta,* 124 AD2d 62; *Matter of Walker,* 113 AD2d 254). Even if respondent's purported psychological condition were to be taken into account despite the lack of any medical substantiation, he "has failed to establish any causal link between his health problems and his pattern of serious professional misconduct" *(Matter of Kurtz, supra,* at 211; *see also, Matter of Grubart,* 164 AD2d 144). Consequently, disbarment is justified by both respondent's lack of cooperation with these proceedings and the evidence of his egregious misconduct. Moreover, in view of his failure to supply his former clients with their files or to provide them with any information regarding their legal matters, respondent has failed to comply with 22 NYCRR 603.13 (c), (d) and (f), which set forth the duties of a suspended attorney. Therefore, it is appropriate that an attorney be appointed to inventory respondent's files and take such action as is necessary to protect the interests of respondent's former clients.

Accordingly, petitioner's motion to confirm the report of the Hearing Panel is granted, respondent's name is hereby stricken from the roll of attorneys, effective immediately, and petitioner's application for the appointment of an attorney to inventory respondent's files and take such action as necessary to protect the clients' interests is granted. An attorney will be appointed forthwith.

MILONAS, J. P., ROSENBERGER, ELLERIN, KASSAL and RUBIN, JJ., concur.

The findings of fact and conclusions of law of the Hearing Panel are confirmed, respondent is disbarred and his name directed to be struck from the roll of attorneys and counselors-at-law in the State of New York, effective immediately; an attorney is appointed to inventory respondent's files and take such action as may be necessary to protect the interests of respondent's clients; and respondent is directed to make restitution to his clients, all as indicated.