[610 NYS2d 229]

In the Matter of STEPHEN N. CEA, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 14, 1994

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Brian E. Maas* of counsel *(Beldock Levine & Hoffman,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Stephen N. Cea was admitted to the practice of

law in New York State by the First Judicial Department on December 16, 1963. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

As a real estate attorney for Chemical Bank, respondent, without knowledge or consent of Chemical Bank, secretly billed and collected for himself approximately $750,000 in loan processing fees. Respondent instructed borrowers to deposit their checks for loan processing to a corporation created and run by him. Respondent used these funds to purchase stocks and bonds, prepay the mortgage on his house and establish retirement accounts for himself and his wife.

On August 17, 1989, respondent was indicted in the United States District Court for the Southern District of New York for, *inter alia*, embezzlement. On or about March 28, 1990, respondent pleaded guilty to one count of embezzlement, for violation of 18 USC §§ 2 and 656, which constitutes a felony under the law of the United States. Respondent was sentenced to a term of imprisonment 25 months, to be followed by a term of probation of three years. Respondent was also fined $50. He is currently on probation.

On October 15, 1990, the Departmental Disciplinary Committee (DDC) filed a petition with this Court seeking, *inter alia*, a determination that respondent committed a "serious crime" and an order suspending him from the practice of law. Although served with notice of the petition, respondent did not file an answer. Respondent now appears by the firm of Beldock Levine & Hoffman.

On March 5, 1991, this Court determined that respondent had committed a "serious crime" within the meaning of Judiciary Law § 90 (4) (d). The Court suspended respondent from the practice of law pending the final order of the Court pursuant to Judiciary Law § 90 (4) (f). The DDC was ordered to hold a hearing and issue a report and recommendation to the Court and respondent was directed to show cause before the DDC why a final order of censure, suspension or removal from office should not be entered *(Matter of Cea,* 165 AD2d 197).

Hearings were held before a Hearing Panel on October 14, 1992 and February 24, 1993. Respondent and two character witnesses testified. In mitigation of his conduct, respondent proffered that while his diversion of a certain percentage of the closing fees due to his employer, Chemical Bank, admittedly violated his ethical obligation to the bank and the

Federal bank embezzlement statute, respondent did not believe that these funds belonged to the bank and, therefore, he perceived his actions as being victimless.

In support of his claim that he never thought it was a crime, respondent pointed to the fact that he reported the diverted funds as income and paid all Federal and State taxes due on the funds. In addition, respondent stated that he fully cooperated with the bank and disgorged all of the after-tax diverted money to the bank to satisfy its claims against him. The shortfall in the payback to the bank is comprised of the amount of money paid to the tax authorities on the diverted funds. Finally, respondent stated that he had an otherwise unblemished record in his almost 30 years of practice and that the actions giving rise to his Federal felony conviction were an aberration.

Two character witnesses testified on behalf of respondent. Both had known respondent for a lengthy period of time and had professional dealings with him while he was employed at Chemical Bank. Each testified that respondent had an excellent reputation as an attorney. While both knew generally that respondent had been convicted of a crime, neither one knew the facts or details of the conviction. At the conclusion of the hearing, staff counsel recommended that respondent be disbarred. Respondent's counsel requested a suspension coterminous with respondent's period of probation.

On July 1, 1993, the Hearing Panel issued its written report recommending that respondent be disbarred. The Panel made its recommendation after considering respondent's past record and the written and oral testimony presented on his behalf. Its conclusion was based on respondent's dishonest conduct, which was committed over a two-year period and was of an extremely large magnitude.

By motion dated September 22, 1993, the Department Disciplinary Committee now seeks an order confirming the Hearing Panel's report and imposing the recommended sanction of disbarment.

In opposition to the Committee's motion, respondent's counsel states that respondent does not dispute the factual recitation of his conduct set forth in the Hearing Panel's report. Counsel, however, requests that a five-year suspension be imposed in lieu of disbarment. Counsel reiterates that respondent perceived his actions as being victimless, that he paid full Federal and State income taxes on the diverted funds,

that he made restitution to the bank, that he accepts full responsibility for his actions and that he cooperated with the bank and the Disciplinary Committee.

Absent extremely unusual mitigating circumstances, this Court has consistently viewed conversion of funds belonging to a client or third party as grave misconduct warranting the severe penalty of disbarment (Matter of Schmidt, 145 AD2d 103; Matter of Malatesta, 124 AD2d 62; Matter of Walker, 113 AD2d 254). An attorney who misappropriates funds is presumptively unfit to practice law (Matter of Pressment, 118 AD2d 270, 273, citing Matter of Marks, 72 AD2d 399, 401).

Respondent has offered no evidence that his actions were the result of extremely unusual mitigating circumstances, and we conclude that the Hearing Panel's recommendation of disbarment is both in accordance with recent precedent and clearly warranted under all of the circumstances in this case. Respondent's conduct reflects an intentional, long-term (two years), and extensively planned (i.e., use of a dummy corporation) scheme to defraud the bank of approximately $750,000.

Accordingly, the Disciplinary Committee's petition should be granted, the Hearing Panel's report confirmed, the recommended sanction of disbarment imposed and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York.

ROSENBERGER, J. P., ELLERIN, WALLACH, KUPFERMAN and RUBIN, JJ., concur.

Motion granted, the Hearing Panel's report is confirmed, and respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective April 14, 1994.