[644 NYS2d 894]

In the Matter of CHARLES L. SHAPIRO (Admitted as CHARLES SHAPIRO), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 11, 1996

### APPEARANCES OF COUNSEL

*Barbara S. Gillers* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Paul R. Grand* of counsel *(Morvillo, Abramowitz, Grand, Iason & Silberberg,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Charles L. Shapiro, was admitted to the practice

of law in the State of New York by the Second Judicial Department on March 20, 1985 as Charles Shapiro. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

In an affidavit of resignation dated May 31, 1996, respondent seeks permission to resign from the New York State Bar. Respondent asserts that there is a disciplinary proceeding pending against him involving allegations as set forth in the May 9, 1995 report authored by Decision Strategies, an agency hired by the Executive Committee of the law firm where respondent worked to investigate his suspected misconduct. Respondent admits to the findings in that report and submits a transcript of his deposition before the Departmental Disciplinary Committee (the DDC) on May 16, 1996, in which he admits his misconduct. Respondent acknowledges that he could not successfully defend himself on the merits at a proceeding based on the report.

Respondent tenders his resignation freely and voluntarily. He asserts that he has not been subject to coercion or duress and he is fully aware of the implications of submitting his resignation. He understands that among other things, his name will be stricken from the roll of counselors-at-law and attorneys in the State of New York.

In an affirmation dated June 4, 1996, staff counsel of the DDC supports respondent's affidavit of resignation from the Bar. She asserts that on or about August 1995, David M. Brodsky, Esq., a member of the law firm of Schulte Roth & Zabel, reported to the DDC that respondent, then a partner of the firm, "may have created and altered receipts for expenditures and falsified bills sent to clients" in violation of, *inter alia*, Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3). After Decision Strategies International, Inc. reported to the firm and the firm conducted its own investigation, the firm concluded that respondent had in fact altered receipts for expenditures, created receipts, and sent bills to clients that contained false descriptions of disbursements. Respondent admitted his misconduct to the Executive Committee and agreed to make restitution. He also agreed to resign from the firm.

In October 1995, the DDC served respondent with a complaint as well as a subpoena duces tecum. Respondent produced a large number of documents and was deposed by the DDC on May 16, 1996. He admitted, *inter alia*, that he had created and altered receipts and rendered false bills to clients over a three-year period.

The DDC urges that respondent's affidavit of resignation be accepted. According to the DDC, the affidavit complies with the requirements set forth in 22 NYCRR 603.11. Additionally, staff counsel asserts that although this Court has previously disbarred attorneys for similar misconduct (*Matter of Kroll*, 212 AD2d 220; *Matter of Pitts*, 205 AD2d 110; *Matter of Geiger*, 170 AD2d 134). The DDC supports respondent's resignation in lieu of disbarment because he has cooperated with the disciplinary proceedings, has expressed remorse about his misconduct, and has agreed to make restitution.

22 NYCRR 603.11 (a) provides:

"(a) An attorney who is the subject of an investigation into allegations of misconduct or who is the subject of a disciplinary proceeding pending in the court may submit his resignation by submitting to the Departmental Disciplinary Committee an affidavit stating that he intends to resign and that:

"(1) his resignation is freely and voluntarily rendered; he is not being subjected to coercion or duress; and he is fully aware of the implications of submitting his resignation;

"(2) he is aware that there is pending an investigation or disciplinary proceeding into allegations that he has been guilty of misconduct, the nature of which shall be specifically set forth; and

"(3) he acknowledges that if charges were predicated upon the misconduct under investigation, he could not successfully defend himself on the merits against such charges, or that he cannot successfully defend himself against the charges in the proceedings pending in the court."

Respondent's affidavit satisfies these requirements. Additionally, respondent's resignation should be accepted in lieu of disbarment because of facts such as his remorse and the fact that he is making restitution.

Accordingly, respondent's application for an order pursuant to 22 NYCRR 603.11 accepting his resignation from the New York Bar and striking his name from the roll of attorneys in the State of New York is granted.

MURPHY, P. J., ROSENBERGER, RUBIN, WILLIAMS and MAZZARELLI, JJ., concur.

Application granted, and respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.