[682 NYS2d 207]

In the Matter of STEVEN G. EHRLICH (Admitted as STEVEN G. EHRLICH), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 29, 1998

### APPEARANCES OF COUNSEL

*Richard Supple* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Michael A. Gentile* of counsel (*Gentile, Brotman & Benjamin,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Steven G. Ehrlich was admitted to the practice of law in the State of New York by the Second Judicial Department on March 23, 1983. At all times relevant to these proceed-

ings, respondent maintained an office for the practice of law within the First Judicial Department.

On March 17, 1998, respondent was served with a notice and statement of charges alleging that he had violated Code of Professional Responsibility DR 2-103 (A) and (B) and DR 1-102 (A) (5) and (8) (22 NYCRR 1200.8, 1200.3), by paying an employee of Lincoln Hospital in the Bronx to solicit clients for him. Respondent admitted that the charges were true in his answer dated April 22, 1998. At the hearing conducted before the Referee on June 29, 1998, the following undisputed facts were established. Respondent is an attorney who specializes in representing plaintiffs in personal injury and medical malpractice cases. Jose Ayala, the Lincoln Hospital employee responsible for registering injured persons who came into the emergency room for treatment, proposed to distribute respondent's business cards to potential personal injury clients at the hospital. In return, respondent would pay Ayala a fee for each such patient who retained him. Respondent agreed to this scheme, and obtained over 30 clients this way between 1994 and 1996. Respondent ended the arrangement in February 1996, because of personal differences with Ayala and dissatisfaction at the low monetary value of the cases obtained from him.

Meanwhile, the Office of the Inspector General (OIG) was investigating both participants in the scheme for violating Judiciary Law §§ 479, 481 and 482, pursuant to which an attorney who hires someone to solicit clients for him, and a hospital employee who performs such solicitation, are both guilty of a misdemeanor. The Bronx District Attorney's office decided not to prosecute respondent or Ayala. When respondent became aware of the OIG investigation in the summer of 1996, he cooperated fully.

The Referee found that respondent violated DR 2-103 (A) and (B) by seeking employment for himself from persons who had not sought advice regarding his employment. The Referee also found that respondent violated DR 1-102 (A) (5) and (8), because this illegal scheme constituted conduct prejudicial to the administration of justice and adversely reflected on his fitness to practice law. The Hearing Panel confirmed the Referee's report and recommendation of a three-month suspension.

By petition dated October 26, 1998, the Departmental Disciplinary Committee seeks an order confirming the Hearing Panel's findings of fact and conclusions of law, and imposing a three-month suspension (*see, Matter of Kronenberg*, 136 AD2d

264, 265 [one-year suspension for similar offense]). Respondent cross-moves to disaffirm the recommended sanction and requests that this Court impose a lesser sanction of public censure, as occurred in *Matter of Rapport* (186 AD2d 344). In mitigation, respondent points to the testimony of numerous character witnesses, his competent representation of the plaintiffs he solicited, his voluntary termination of the solicitation arrangement before becoming aware of the investigation, and his full cooperation with the authorities.

However, as the Referee and the Hearing Panel noted, respondent's position is less sympathetic than that of the attorneys in *Rapport*. First, unlike them, he discontinued the solicitation because he no longer considered it worthwhile, not because of ethical concerns. Second, rather than reporting himself to the disciplinary authorities, he cooperated only after being caught.

We therefore find that the special considerations warranting a lighter sanction in *Rapport* are not present here. A three-month suspension is hardly excessive, considering that we imposed a longer suspension for an isolated instance of the same misconduct (*Matter of Kronenberg, supra*), while respondent's own scheme lasted two years and involved nearly three dozen instances of solicitation.

Accordingly, the Committee's motion should be granted in its entirety, respondent's cross motion should be denied, and respondent should be suspended from the practice of law for three months.

LERNER, P. J., SULLIVAN, MILONAS, ROSENBERGER and EL-LERIN, JJ., concur.

Petition granted, the Determination of the Hearing Panel confirmed, and in accordance with the report and recommendation of the Referee, respondent suspended from the practice of law in the State of New York for a period of three months, all effective January 27, 1999. The cross motion is denied.