[703 NYS2d 91]

In the Matter of Benjamin E. Setareh (Admitted as Benjamin Eric Setareh), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, February 8, 2000

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Michael S. Ross* of counsel (*LaRossa & Ross,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Benjamin E. Setareh was admitted to the

practice of law in the State of New York by the First Judicial Department on February 28, 1995, as Benjamin Eric Setareh. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

On April 28, 1999, respondent was served with a notice and statement of charges alleging that he violated Code of Professional Responsibility DR 2-103 (a) and (b) and DR 1-102 (a) (5) (22 NYCRR 1200.8, 1200.3) by compensating a third party for referring personal injury clients to him. In his answer, respondent admitted that the charges were true.

A hearing was held before a Referee, who issued a report and recommendation on July 30, 1999. The Referee found that respondent violated DR 2-103 (a) and (b) by seeking employment for himself from persons who had not sought advice regarding his employment, and that respondent violated DR 1-102 (a) (5) because this illegal scheme constituted conduct prejudicial to the administration of justice. The Referee recommended that respondent be publicly censured. The Hearing Panel's September 24, 1999 determination confirmed the Referee's report in all respects.

The Departmental Disciplinary Committee now seeks an order confirming the findings of fact and conclusions of law set forth in the Referee's report and the determination of the Hearing Panel and imposing a sanction of public censure. Respondent supports the Committee's petition.

The facts underlying the charges are undisputed. Respondent was admitted to the bar in February 1995 and started a solo law practice. In September 1996, his brother-in-law, a chiropractor, introduced him to Vince Conner as someone who could investigate personal injury cases for respondent. Conner told respondent he could refer cases to him, but did not mention compensation at this time.

Thereafter, on two occasions in October 1996, Conner referred purported personal injury clients to respondent and was paid a fee by respondent for doing so. Unknown to respondent, Conner was cooperating as an informant for the Kings County District Attorney's Office, and the "clients" were actually undercover officers. Respondent was arrested in February 1997 in connection with the misdemeanor charge that he improperly paid money in return for referrals. However, the charge was dismissed in December 1997.

During this period, respondent was suffering from cocaine addiction. He stopped using narcotics and entered a drug treat-

ment program after his arrest and continued to receive treatment during the pendency of the disciplinary charges.

Public censure is an appropriate sanction for respondent's behavior, taking account of mitigating factors such as respondent's struggle with substance abuse (*Matter of Winston*, 137 AD2d 385, 388), his relative inexperience and his lack of a disciplinary record. Unlike the suspended attorney in *Matter of Ehrlich* (252 AD2d 73), who sought out dozens of clients through paid referrals over a three-year period, respondent's two instances of misconduct were prompted when an informant approached him as part of a "sting" operation, and there was no evidence that he had a predisposition to solicit clients. In addition, during the first incident of solicitation, when one of the two undercover officers posing as potential clients informed respondent that the other's personal injury claim was specious, respondent declined to take the case.

Therefore, the Committee's petition for an order confirming the findings of fact and conclusions of law set forth in the Referee's report and the determination of the Hearing Panel should be granted and respondent should be publicly censured.

ROSENBERGER, J. P., WILLIAMS, RUBIN, SAXE and BUCKLEY, JJ., concur.

Petition to confirm the determination of the Hearing Panel granted and respondent publicly censured.