[745 NYS2d 169]

In the Matter of MARK L. HANKIN (Admitted as MARK LANCE HANKIN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 25, 2002

### APPEARANCES OF COUNSEL

*Sarah Jo Hamilton* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Richard W. Mischel* of counsel (*Mischel, Neuman & Horn, P.C.*), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Mark L. Hankin was admitted to the practice of

law in the State of New York by the Second Judicial Department on February 8, 1984, as Mark Lance Hankin. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

On October 10, 2001, respondent was served with a notice and statement of charges alleging that he violated Code of Professional Responsibility DR 2-103 (b) (22 NYCRR 1200.8 [compensating and rewarding a person to obtain employment]) and DR 1-102 (a) (5) (22 NYCRR 1200.3 [engaging in conduct prejudicial to the administration of justice]), by paying a fee to a third party for referring a personal injury client during a "sting" operation. The same claims were the subject of a criminal proceeding brought against respondent following an October 1996 investigation by the Kings County District Attorney's office, respondent's resulting guilty plea to criminal solicitation in the fifth degree, a violation, pursuant to Penal Law § 100.00, and his sentence of a conditional discharge without conditions imposed after he had pleaded guilty on February 28, 2000.

By way of an answer to the charges, respondent entered into a prehearing stipulation of facts in which he essentially admitted all of the allegations against him.

A hearing was conducted before a referee on December 5, 2001 for the purpose of determining what recommendation would be made by the Referee for an appropriate sanction to be imposed upon respondent. Following the hearing at which the parties stipulated to the underlying facts and respondent presented significant mitigating evidence, the Referee sustained both charges and recommended that respondent be publicly censured. In essence, the Referee had found that respondent had paid an undercover investigator $375 pursuant to an agreement to refer a personal injury client to respondent, under circumstances wherein the Referee could not determine conclusively that this act was part of a pattern of illegal activity. The Referee further found that respondent had a significant record of public and pro bono service activities, that he fully cooperated with the Committee, that he exhibited bitter remorse for his actions, in addition to other testimony and affidavits from the respondent and others on his behalf.

The Hearing Panel confirmed the Referee's report and recommendation for a public censure "to give notice to the Bar and the public that such conduct will not be countenanced," a recommendation originally made by staff counsel.

The Departmental Discipline Committee now seeks an order confirming the Referee's findings of fact, conclusions of law,

and his recommendation for a public censure, as confirmed by the Hearing Panel.

We have considered respondent's request for a private reprimand, the recommendations for public censure, and we have also given serious thought to a suspension for a period of time. In that process, we have reviewed all of the aggravating and mitigating circumstances in this case, as well as our precedents in this area of attorney discipline, including *Matter of Setareh* (264 AD2d 146) and *Matter of Ehrlich* (252 AD2d 73). While it is correct to say that the number of proven ethical transgressions is an important factor in determining a proper sanction for the type of misconduct proven here, it would be a mistake to conclude that a relatively small number of such established events will predictably result in a public censure, rather than a suspension, or worse. Instead, it is more appropriate, and certainly more prudent, to conclude that the circumstances surrounding the proven unethical or unlawful behavior, the professional situation and history of a respondent, and any other relevant aggravating and mitigating factors will all be considered equally in any disciplinary decision.

In light of the serious charges against respondent, on the one hand, his otherwise unblemished career and other mitigating factors, on the other, the Committee's petition for an order confirming the findings of fact and conclusions of law set forth in the Referee's report and the determination of the Hearing Panel should be granted and respondent publicly censured.

NARDELLI, J.P., MAZZARELLI, ROSENBERGER, LERNER and MARLOW, JJ., concur.

Respondent publicly censured.