[750 NYS2d 272]

In the Matter of JAMES SANTALONE, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 19, 2002

**APPEARANCES OF COUNSEL**

*Stephen P. McGoldrick* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Nicholas C. Cooper* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent James Santalone was admitted to the practice of law in the State of New York by the First Judicial Department on March 4, 1991. Respondent maintained an office for the

practice of law within the First Judicial Department at all times relevant to these proceedings.

The Departmental Disciplinary Committee has moved for an order confirming the findings of fact and conclusions of law of the Referee and the determination of the Hearing Panel rendered on charges alleging that respondent violated Code of Professional Responsibility DR 2-103 (b) and DR 1-102 (a) (5) (22 NYCRR 1200.8, 1200.3) by paying a fee to a third party for referring a personal injury client during a "sting" operation, and imposing whatever sanction the Court deems appropriate. Respondent has cross-moved to, inter alia, confirm the determination of the Hearing Panel except to the extent that it found he violated DR 1-102 (a) (5).

We confirm the findings of fact and conclusions of law of the Referee and the determination of the Hearing Panel.

The facts are not in dispute. During October of 1996, the Special Investigations Unit of the Kings County District Attorney's office (DA's office) conducted a "sting" operation which resulted in the arrest of respondent and other attorneys for making payments to third parties for client referrals.

On October 9, 1996, respondent took a phone call from Vince Connor, an informant for the DA's office. Connor told respondent that he had a potential client for him who suffered a broken leg in a car accident. At the time, respondent had not met Connor, knew nothing about Connor, and did not know who gave Connor his name. Nevertheless, respondent told Connor, in this phone conversation,

> "If the client required surgery, he would pay [Connor] $2,000 for the referral, if the client did not require surgery, $1,000."

Connor told respondent that the client's name was "Griffin" and that it was an automobile accident. Later that same day, "Griffin," an investigator, met with respondent and executed a retainer agreement with respondent.

On October 11, 1996, in a phone conversation, respondent told Connor that he would pay Connor for referring Griffin $500 that day and an additional $500 the following Monday. Later that day, Connor picked up an envelope containing $500 from respondent's paralegal assistant at the law office. Respondent either knew or should have known that such a payment for a referral was unlawful, and violated DR 2-103 (b).

The Referee in his report and recommendation wrote:

> "In short, while respondent's case involves but a

single instance [of] misconduct, it is devoid of any of the mitigating factors which the court considered in *Setareh*. Except for five character letters submitted after the hearing, and respondent's self-serving testimony as to contrition and remorse, which to this observer appeared cavalier and rehearsed. He offered no evidence in mitigation of his unlawful conduct; which he referred to as 'a lapse of judgment.'

"Respondent's affect and demeanor, his vagueness as to facts, and evasiveness and non-responsive answers during his testimony, except for his claim that he had rejected other offers of cases from Connor, suggests the opposite of mitigation. When he made the arrangement with Connor on the phone, he did not know anything about Connor, the name of the client who allegedly referred Connor to him, or any other details. He didn't know until after he was arrested that there had not been any such accident."

The Hearing Panel, in its determination, stated:

"There can be no doubt that the respondent's admitted misconduct was willful and that it constituted serious misconduct that warrants a suspension from the practice of law. Having considered, however, respondent's arguments in mitigation and, more specifically, the facts that respondent's misconduct was limited to one incident and that his record as a lawyer has been otherwise without blemish, the Panel recommends that the Referee's Recommendation of a six-month suspension be modified and that respondent be suspended from the practice of law for a period of three months."

*Matter of Setareh* (264 AD2d 146) involves the same conduct which constitutes a violation of DR 2-103 (b) and DR 1-102 (a) (5). There, we imposed a sanction of public censure. This case is different in that it lacks the mitigating factors present in *Setareh*. There, respondent was a troubled inexperienced young lawyer. Here, respondent graduated from law school in 1987, almost 10 years before the illicit arrangement with Connor. He was admitted in 1991. At the time of this incident, he had a profitable practice. On the other hand, Setareh, at the time of the two incidents, had been a member of the bar only 20 months, having been admitted in February 1995.

Here, respondent, at the time he paid Connor for the referral, was not experiencing any health or psychological problems, or any pressing financial concerns. He had been admitted to practice law more than $5^{1}/_{2}$ years, and was sufficiently experienced to suggest to the informant a scale of payment based upon whether surgery was required. Respondent has engaged in no significant public or pro bono service. In any event, we believe that in these cases of willful and serious misconduct, suspension, not censure, is the appropriate sanction.

Accordingly, the petition for an order confirming the findings of fact and conclusions of law set forth in the Referee's report and the determination of the Hearing Panel should be granted and respondent suspended for three months. Respondent's cross motion to confirm in part and disaffirm in part the determination of the Hearing Panel should be granted except to the extent it seeks disaffirmance of the finding that he violated DR 1-102 (a) (5).

ANDRIAS, J.P., BUCKLEY, LERNER, MARLOW and GONZALEZ, JJ., concur.

Respondent suspended from the practice of law for three months, effective December 19, 2002 and until further order of this Court.