[991 NYS2d 37]

In the Matter of WILLIAM R. HAMEL (Admitted as WILLIAM RAYMOND HAMEL), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 14, 2014

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Naomi F. Goldstein* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

Respondent William R. Hamel was admitted to the practice of law in the State of New York by the Second Judicial Department on March 27, 1991, under the name William Raymond Hamel. At all times relevant herein, he has maintained an office for the practice of law within the First Judicial Department.

On March 28, 2013, in Supreme Court, Bronx County, respondent was convicted, upon his plea of guilty, to the reduced charge of criminal facilitation in the fourth degree, a class A misdemeanor, in violation of Penal Law § 115.00 (1), and was sentenced to a one-year conditional discharge, a $300,000 settlement in lieu of a fine, forfeiture or restitution, 150 hours of community service, and mandatory surcharges.

The Departmental Disciplinary Committee seeks and order, pursuant to the Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (d) suspending respondent from the practice of law for four months based upon his plea allocution in which he acknowledged that "in 2007, in the Bronx, after an injured patient was accepted as a personal injury client, [I] paid an employee at Lincoln Hospital for . . . disclosing the patient's information to [me]." Respondent, who is admitted in Connecticut and New Jersey, promptly notified all three jurisdictions of his conviction.

By unpublished order of August 14, 2013, this Court deemed respondent's conviction a "serious crime" and referred the matter to the Departmental Disciplinary Committee for a sanction hearing before a Hearing Panel (Judiciary Law § 90 [4] [g]).

At the sanction hearing held on December 10, 2013, respondent testified in his own behalf and called three character witnesses. He also submitted character letters and expressed remorse for his conduct. The evidence adduced at the hearing disclosed that respondent graduated from Brooklyn Law School in 1989 and became associated with Dinkes & Morelli. In 2006, eight years after the dissolution of that firm, while working for the firm Dinkes & Schwitzer, respondent, at the behest of partner William Dinkes, became involved in a scheme of paying hospital employees $500 for referrals. Respondent made eight such payments, but ceased the practice in September 2007 when Dinkes died suddenly. Respondent indicated he did not continue the payments after Dinkes' death since he did not know the source of the funds.

Respondent has had an otherwise unblemished record during his 23 years of practice. He has paid the fine and sanctions and performed the community service through work with the Fortune Society.

Following the sanction hearing, both parties submitted memoranda in which the Committee argued for a suspension of no less than four months and no greater than six months; and respondent urged a suspension no greater than three months. By report dated March 11, 2014, the Hearing Panel unanimously recommended that respondent be suspended from the practice of law for four months.

Now, pursuant to 22 NYCRR 603.4 (d) the Committee seeks an order confirming the Hearing Panel's findings of fact and conclusions of law and suspending respondent from the practice of law for four months, as recommended by the Hearing Panel. Although the Committee's notice of petition dated April 3, 2014 indicated that it sought to disaffirm the Hearing Panel's sanction recommendation, on May 6, 2014, this Court received from the Committee a corrected notice of petition seeking an order confirming the report and recommendation of the Hearing Panel, and suspending respondent for four months. Respondent's cross motion opposed the April 3, 2014 petition and sought to confirm the four-month suspension.

The record sufficiently established that the facts underlying respondent's conviction merit a four-month suspension. Although misconduct related to improper solicitation has resulted in sanctions that vary from public censure to short suspensions to lengthy suspensions, the facts here are closer to the ones in *Matter of Ehrlich* (252 AD2d 73 [1st Dept 1998]) and *Matter of Santalone* (301 AD2d 265 [1st Dept 2002]), both of which resulted in three-month suspensions and both of which involved solicitation and payment of referral fees to nonlawyer personnel in violation of the Code of Professional Responsibility DR 2-103 (b) and DR 1-102 (a) (22 NYCRR 1200.8 [b]; 1200.3 [a]).

Accordingly, the Hearing Panel's findings is confirmed, the Committee's corrected petition and respondent's cross motion granted, and respondent suspended from the practice of law for four months, effective 30 days from the date hereof.

Renwick, J.P., DeGrasse, Freedman, Richter and Manzanet-Daniels, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of four months, effective September 15, 2014, and until further order of this Court.

Cross motion granted to the extent indicated.